RICHARD P. JENNINGS, RESPONDENT, v. JOSEPH OKIN, APPELLANT.

Argued November 24, 1915—Decided March 6, 1916.

The defendant directed his son to take defendant's automobile and visit a locality where defendant was engaged in erecting a building, for the purpose of seeing that the lamps indicating the existence of street obstructions were lighted. The son, instead of performing his errand and returning, delayed for some hours in the neighborhood with friends, and thereafter undertook to carry two of his friends in the automobile to one of the railroad depots in the city, which was located in a direction nearly opposite to the route which he might have taken upon a direct return to the father's home. While making this trip to the railroad depot, the automobile collided with the plaintiff, who brought suit against defendant for the damages resulting therefrom. The trial developed the fact that as one of the invitees was about to enter the car, the son of defendant made some statement as to their destination. This testimony the court overruled and excluded as hearsay. *Held*, that the conversation so excluded was material as part of the *res gestæ*, which presents an exception to the general application of the hearsay rule.

On appeal from the Supreme Court.

For the plaintiff, *Fort & Fort*.

For the defendant, *McCarter & English*.

The opinion of the court was delivered by

MINTURN, J. The defendant was the owner of an automobile, and also of a theatre on Springfield avenue, in Newark.

While the theatre was in process of erection, he directed his son Jacob, about eight o'clock in the evening, to go to the theatre to observe whether the signal lights on the street where certain building obstructions were located were still burning, and then to return home.

Jacob, with the father's authority, took the father's automobile and drove it to the theatre, examined the lights, witnessed a performance in a neighboring theatre, spent some time in an adjoining café, until about half-past ten in the evening, when he started to return. His return, however, was not in a direct route to his home, for the reason that he met two friends, Merlin and Steadman, whom he invited to enter the car for the purpose of enabling them to catch a certain train to New York City, at Park Place station. This necessitated a change of route which, considered from the point of proximate distance to his home, might be deemed a deviation from the direct route to his home, which was located in almost the opposite direction from the theatre and from the Park Place station.

While the automobile was proceeding along Market street, near the intersection of Washington street, it collided with the plaintiff, who was crossing Market street, severely injuring him; to recover damages for which injuries this suit was instituted.

Before the trial of the case the son Jacob died, and Merlin, his friend, was not accessible as a witness. The trial resulted in a verdict for the plaintiff, and a rule to show cause was taken and discharged, and the case is before us now upon exceptions taken to the rulings of the trial court.

Among the defences interposed was that of a denial of the agency of the son Jacob in driving the automobile; the contention being that Jacob's agency was limited to a visit to the lights at the theatre, and a reasonable time after his inspection of the lights to return to the parental home; that his deviation and detour from the route required for the transaction of that business, in order to enter upon a business or a calling peculiarly his own, severed the relation of agency which existed, and that any liability resulting from such

deviation, and its incidents, was personal to himself. This issue presented a jury question, and the trial court so treated it. *Doran* v. *Thomsen, 76 N. J. L. 754.*

Trial errors are alleged for reversal, and of these, having fully considered them all, we deem it necessary to emphasize but one as affording a basis for the conclusion we have reached.

Steadman was one of the occupants of the car, with Merlin, at the time of the accident. He testified that he was invited by Jacob to enter the car, and he was then asked what was said to him by Jacob when he invited him to enter the automobile. To this question an objection was interposed, and it was overruled by the trial court. We think this was error. The gravamen of the action was the relationship of principal and agent presumably existing between the defendant and his son Jacob.

Upon that ground only can the liability of the defendant be supported. *Doran* v. *Thomsen, ubi supra; Holler* v. *Ross, 68 N. J. L. 324.*

The declaration of the agent might have been important in this connection, for the purpose of demonstrating that he was about to enter upon a detour and deviation for his own convenience or pleasure, and that of his two friends, and with which his father's business was in no way related or connected.

Under such circumstances, it is settled that the father as principal could not legally, under our adjudications, be called upon to assume liability for the incidents of the trip, and that, from the moment it was undertaken, the relationship of principal and agent theretofore subsisting was severed. *Evers* v. *Krouse, 70 N. J. L. 653; Doran* v. *Thomsen, ubi supra; Missell* v. *Hayes, 86 N. J. L. 348.*

The jury were entitled to receive such light as could be legally thrown upon the situation, for the purpose of ascertaining the intention of the agent in the destination of the car. Proof of his statement made at the time of the occurrence in question, as to his destination, was admissible as part

of the *res gestæ,* which presents an exception to the general rule governing the exclusion of hearsay testimony.

Referring to this general topic, Professor Greenleaf says: "Surrounding circumstances, constituting parts of the *res gestæ,* may always be shown to the jury along with the principal fact." 1 *Greenl. Ev.* 108.

Referring to the rule of law that the admission of the agent can bind the principal only during the continuance of the agency, and in regard to the action then depending, he states the rationale of the doctrine to be that: "It is because it is a verbal act, and part of the *res gestæ,* that it is admissible at all; and therefore it is not necessary to call the agent himself to prove it; but whenever what he did was admissible in evidence, there it is competent to prove what he said about the act while he was doing it." 1 *Greenl. Ev.* 184c. To the same effect is 1 *Rice Ev.* 375, adverted to and recognized in this state in *Bunting* v. *Allen,* 18 *N. J. L.* 299; *Luse* v. *Jones,* 39 *Id.* 707; *Frome* v. *Dennis,* 45 *Id.* 515; *State* v. *Hunter,* 40 *Id.* 495; *State* v. *Kane,* 77 *Id.* 244.

Our examination of the case has not inclined us to disturb this judgment upon any other ground urged for reversal, but, in view of the exclusion of the testimony adverted to, and for the reason we have given, the judgment will be reversed and a *venire de novo* will issue.

*For affirmance*—BLACK, WILLIAMS, JJ. 2.

*For reversal*—THE CHIEF JUSTICE, GARRISON, TRENCHARD, PARKER, BERGEN, MINTURN, WHITE, TERHUNE, HEPPENHEIMER, TAYLOR, JJ. 10.