HANNAH TISCHLER, ADMINISTRATRIX AD PROSEQUEN-
DUM OF THE ESTATE OF NATHAN TISCHLER, DE-
CEASED, RESPONDENT, v. MORRIS STEINHOLTZ AND
PINCUS STEINHOLTZ, APPELLANTS.

Argued June 26, 1923—Decided November 19, 1923.

1. The driver of an automobile must take reasonable care to so
exercise his right to use the highway as not to injure pedestrians,
that is to say must exercise such caution as an ordinarily pru-
dent person would exercise under like circumstances.

2. The duty of exercising reasonable care between persons using
the highways is mutual, and each person may assume that others
traveling on the highway will comply with this obligation.
Hence, a pedestrian has a right to assume that the driver of an
automobile will exercise proper caution in approaching street
crossings. And where a pedestrian when about to cross a high-
way from the northerly side sees defendants' automobile ap-
proaching on the northerly side of the street about two hundred
feet away, apparently at a moderate speed, the question whether
the pedestrian, in the exercise of reasonable care, should have
apprehended that it would reach and strike him before he could
pass is one for the determination of the jury.

3. In an action to recover for the death of a pedestrian struck and
killed by an automobile, it is competent for a bystander, who saw
the car "skid" after striking the decedent, to testify that im-
mediately thereafter he noticed "skid marks" made by the auto-
mobile on the surface of the street extending ten or fifteen feet
from where the body was lying, and in the path taken by the
automobile before it stopped—such testimony being evidential
upon the question of negligence in the speed and control of the
car.

4. Proof of defendants' ownership of an automobile driven on a
public highway, raises a presumption of fact that such automo-
bile was in the possession of the defendant, if not personally,
then through his servant, the driver, and that such driver was
acting within the scope of his employment. Both or either of
these presumptions may be overcome by uncontradicted proof to
the contrary; and if so overcome by uncontradicted proof that
the automobile was not in the possession of the owner or of his
servant, or was not being used by the servant within the scope
of his employment, then a motion for a direction of a verdict for
the defendant owner will be granted. If, however, the evidence
is contradictory, or reasonably subject to contradictory inter-
pretations, the question of liability is for the jury.

5. A witness who has testified to certain facts and circumstances may be interrogated on cross-examination as to when he first received knowledge of other facts and circumstances, where such line of examination tends to elucidate or discredit his testimony.

On appeal from the Supreme Court.

For the appellants, *Palmer Bradner* and *Heine, Bradner & Laird.*

For the respondent, *John W. Palmer* and *Levy & Fenster.*

The opinion of the court was delivered by

TRENCHARD, J. On June 10th, 1920, at six-thirty P. M., Nathan Tischler, while attempting to walk across Market street, Newark, at the Plane street crossing, was struck and killed by an automobile driven by Pincus Steinholtz. His skull and sixteen ribs were broken and he died that night.

The decedent's administrator brought this action against both the driver and owner of the car, the latter being the driver's father, Morris Steinholtz.

Upon the trial at the Essex Circuit the jury rendered a verdict against both defendants; that against the driver being based upon his alleged negligence in the operation of the car, and that against the owner on the alleged agency of the driver. Both defendants appealed from the consequent judgment.

It is first contended that there was no evidence of negligence upon the part of the driver, and hence a verdict should have been directed for the defendants.

But it was open to the jury to find from the evidence, if they saw fit, that the decedent and his brother (who was walking with him), before starting to cross the street from the northerly side, made proper observations and saw the automobile in question approaching on the northerly side of the street, about two hundred feet away, apparently at moderate speed; that when midway between the curb and the trolley tracks the automobile, without warning, bore down

on them at "fast speed;" that the brother saved himself by jumping backward and decedent was struck by the automobile, which, after running over decedent's body, "skidded" on the dry street ten or fifteen feet and then stopped twenty or twenty-five feet from where the body was lying.

Now, the driver of an automobile must take reasonable care to so exercise his right to use the highway as not to injure pedestrians; that is to say, must exercise such caution as an ordinarily prudent person would exercise under like circumstances. That, the evidence tended to show, this driver did not do, for it reasonably indicates excessive speed and want of proper control under the circumstances.

It is also argued that a verdict should have been directed for the defendants because the decedent was guilty of contributory negligence.

We think not. The duty to exercise reasonable care between persons using the highway is mutual, and each person may assume that others traveling on the highway will comply with this obligation. Hence the decedent had a right to assume that the driver of the automobile would exercise proper caution in respect to speed and control in approaching the crossing. And since the decedent, when about to cross the highway from the northerly side, made observations and saw the defendants' automobile approaching about two hundred feet away on the northerly side, apparently at moderate speed, we think that the question whether the decedent, in the exercise of reasonable care, should have apprehended that it would reach and strike him before he could pass, was for the determination of the jury. *Glasco* v. *Jersey City, &c., Street Railway Co.*, 81 *N. J. L.* 469.

It is next contended that the trial judge erred in refusing to strike out the testimony of Ernest Mantors as to "skid marks" on the surface of the street after the accident.

Not so. He testified that he saw the automobile strike decedent and run over his body and then "skid" ten or fifteen feet and stop twenty or twenty-five feet beyond where the body was lying; that he noticed "skid marks" extending ten or fifteen feet from where the body was lying, and that the

defendants' automobile made those skid marks. Such testimony was evidential upon the question of negligence in the speed and control of the car.

It is next insisted that the trial judge erred in refusing to direct a verdict for the defendant Morris Steinholtz, the owner of the automobile, it being contended that the evidence conclusively demonstrated that the driver was not acting as his agent at the time of the accident.

We think there is no merit in this contention.

The evidence showed that the car was owned by the defendant Morris Steinholtz. Such proof of defendant's ownership of an automobile driven on a public highway raises a presumption of fact that such automobile was in the possession of the defendant, if not personally, then through his servant, the driver, and that such driver was acting within the scope of his employment. Of course, both or either of these presumptions may be overcome by uncontradicted proof to the contrary; and if so overcome by uncontradicted proof that the automobile was not in the possession of the owner or his servant, or was not being used by the servant within the scope of his employment, then a motion for a direction of a verdict for the defendant owner will be granted. If, however, the evidence is .contradictory, or reasonably subject to contradictory interpretations, the question of liability is for the jury. *Doran* v. *Thomsen,* 76 *N. J. L.* 754; *Missell* v. *Hays,* 86 *Id.* 348; *Mahan* v. *Walker,* 97 *N. J. L.* 304. Here the defendant owner sought to overcome by proof the presumption of agency. In the course of the testimony it appeared that the automobile was for the use of the defendant owner's immediate family, consisting of his wife and daughter and son, the defendant driver. It appeared that the owner could not drive the car, and had no license to drive it, and that the son had a license and habitually drove it for the family; that on the day in question he had driven his mother and sister to his grandmother's home and was to bring them back to their own home later. It is not disputed that if the accident occurred while he was going to bring them back, as plaintiff contends, the question of the liability of the

father would be for the jury. *Missell* v. *Hayes, supra.* The defendant owner, however, contends that it occurred after his son had brought the family back home, and while he thereafter was driving for purposes of his own. But the son admitted that, at the time of the accident, he was going in the direction of his grandmother's home. On the first day of the trial he testified that he "believed" he was to take them home later, and then being further pressed, said he was uncertain whether or not he took them home before the accident. On the second day of the trial, upon being recalled, he testified that he had taken them home before the accident. Over against the presumption referred to and this contradictory testimony, there is the testimony of his mother and sister to the effect that the son took them home at a time before the accident is said to have occurred. But the evidential value of their testimony was much shaken on cross-examination. In this posture of the proofs the question of the liability of the father was properly submitted to the jury. *Crowell* v. *Padolsky,* 98 *N. J. L.* 552.

Lastly, it is contended that the judge erred in admitting questions asked on cross-examination of the father, mother and sister of the driver of the automobile as to when they first received knowledge of the accident. We think not. The examination was proper on the principle that a witness who has testified to certain facts and circumstances may be interrogated on cross-examination as to when he first received knowledge of other facts and circumstances, where, as here, such a line of examination tends to elucidate or discredit his testimony.

The judgment will be affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF-JUSTICE, TRENCHARD, PARKER, KALISCH, BLACK, KATZENBACH, WHITE, HEPPENHEIMER, ACKERSON, VAN BUSKIRK, JJ. 11.

*For reversal*—None.