THEODORE VENGHIS, RESPONDENT, v. MARION NATHANSON, APPELLANT.

Argued October 23, 1924—Decided January 19, 1925.

1. Our Traffic act (*Pamph. L.* 1915, *p.* 305, § 25; *Pamph. L.* 1916, *p.* 49, § 12) provides, in effect, that in places where the houses are on the average less than one hundred feet apart, pedestrians shall have the right of way over vehicles at any street crossing, in the absence of any municipal regulation relating to such crossing. Thereunder, when a pedestrian and an automobile, moving in different directions, approach such a crossing at the same time or in such manner that if both continue their respective courses there is danger of a collision, then the pedestrian is entitled to first use the crossing, and it is the duty of the driver of the automobile to stop or to so reduce speed as to give such pedestrian a reasonable opportunity to pass in safety, and to that end to have such automobile under such control as to enable him to do so. Disregard of the pedestrian's right of way, due to excessive speed, while not conclusive as to the driver's negligence, is a factor in the situation, which, considered as a whole, presents a jury question as to the negligence of the driver in case of injury to the pedestrian by an automobile so driven.

2. The statute giving a pedestrian at a street crossing (in the absence of any municipal regulation) the right of way over an automobile approaching such crossing at the same time, does not relieve him of the legal duty to use reasonable care to avoid

colliding with such automobile should its driver disregard such right. But a pedestrian who reaches a street crossing at a time and under circumstances giving him the right of way, and who then, upon observing the defendant's automobile rapidly approaching, steps back towards the curb, cannot be said to be guilty of contributory negligence as a matter of law when hit by such automobile under circumstances indicating a disregard of his right of way, the question whether he exercised the reasonable care required of him under all the circumstances, including the defendant's disregard of his right of way, being for the jury.

3. A wife, owning an automobile which she permits to be used as a family car, is liable for an injury caused by the negligence of her husband when driving the car, when it appears that he was driving it in the course of her business or pleasure at the time.

4. Proof of the wife's ownership of an automobile, which was being driven on the public highway by her husband, raises a presumption of fact that it was being driven by him as her agent, and that he was acting within the scope of his agency. Evidence that such automobile was a "family car;" that it was owned by the wife, who gave her husband "permission to drive it for her;" that at the time of the accident, by an arrangement between them, he was driving to the home of his parents to get his wife, who had gone there to make a call, presents at least a jury question upon the topic of agency of the husband; and the mere fact that the husband had a friend with him in the car, and that he intended to stop on the way, did not justify a direction of a verdict for the defendant owner.

On appeal from the Atlantic County Circuit Court.

For the appellant, *John C. Reed.*

For the respondent, *Burton A. Gaskill.*

The opinion of the court was delivered by

TRENCHARD, J. This was an action to recover compensation for personal injuries received by the plaintiff while crossing a street in Atlantic City, known as Atlantic avenue, at its intersection with Kentucky avenue, late in the evening of November 30th, 1922.

The trial resulted in a verdict and judgment for the plaintiff, from which judgment the defendant appealed.

At the trial there was evidence from which the jury might lawfully find, if it saw fit, the following matters of fact:

Seymour Nathanson, the husband of the defendant, was driving his wife's automobile along Atlantic avenue, at a point where the houses are on the average less than one hundred feet apart. The street was wet and slippery. As the plaintiff started to cross that street, at the Kentucky avenue intersection, he observed this automobile approaching and apparently threatening to run him down. He stepped back towards the curb; the car skidded, apparently because the brakes were applied to the speeding automobile on a slippery street, and he was struck by the rear of the car and injured.

We are of the opinion that there is no merit in the contention that the judge erred in refusing to direct a verdict for the defendant.

The appellant first argues that there was no evidence of negligence of the driver of the automobile—the defendant's husband. But that question was properly submitted to the jury, particularly in view of the fact that the evidence tended to show that the plaintiff had the right of way over the automobile at that street crossing. Our Traffic act (*Pamph. L.* 1915, *p.* 305, § 25; *Pamph. L.* 1916, *p.* 49, § 12) provides, in effect, that in places where (as in the instant case) the houses are on the average less than one hundred feet apart, pedestrians shall have the right of way over vehicles at any street crossing, in the absence of any municipal regulation relating to such crossing (and no such regulation was shown to exist). Thereunder, when a pedestrian and an automobile, moving in different directions, approach such a crossing at the same time or in such a manner that if both continue their respective courses there is danger of collision, then the pedestrian, having been accorded the preference by the statute, is entitled to first use the crossing, and it is the duty of the driver of the automobile to stop or to so reduce speed as to give such pedestrian a reasonable opportunity to pass in safety, and to that end to have such automobile under such control as to enable him to do so. That duty, the evidence tended to show, the driver of the automobile failed to perform. There was evidence to the effect that the plaintiff had

already entered upon the crossing as the defendant's automobile approached at a speed in excess of that allowed by the Motor Vehicle act (*Pamph. L.* 1921, *p.* 669, § 16) at that place, and that the proximate cause of the accident was the failure of the driver to observe his duty in respect to the control of the car and the rights of the plaintiff at the crossing. Such disregard of the plaintiff's right of way, due to excessive speed, while not conclusive as to the driver's negligence, is a factor in the situation, which considered as a whole, presented a jury question as to the negligence of the driver. *Winch* v. *Johnson,* 92 *N. J. L.* 219; *Chiapparine* v. *Public Service Railway Co..* 91 *Id.* 581.

The appellant further urges, in support of her contention that the motion for a directed verdict should have been granted, that contributory negligence of the plaintiff was conclusively shown. But that is not so. Of course the statute giving a pedestrian at a street crossing (in the absence of any municipal regulation) the right of way over an automobile approaching such crossing at the same time, does not relieve him of the legal duty to use reasonable care to avoid colliding with such automobile should its driver disregard such right. *Erwin* v. *Traud,* 90 *N. J. L.* 289; *Rabinowitz* v. *Hawthorne,* 89 *Id.* 308. But where the evidence tends to show (as here) that a pedestrian reached and started across a street crossing, at a time and under circumstances giving him the right of way, and then, upon observing the defendant's automobile rapidly approaching, stepped back towards the curb, such pedestrian cannot be said to be guilty of contributory negligence as a matter of law when injured by such automobile which skidded under the application of brakes upon the slippery street, and, hence, the question whether he exercised the reasonable care required of him in the circumstances, including the driver's disregard of his right of way, was properly submitted to the jury.

Lastly, it is contended that a verdict should have been directed for the defendant because the evidence did not disclose any liability of the defendant for the act of the driver, her husband.

We think there is no merit in that contention. The general rule is that a wife, owning an automobile which she permits to be used as a family car, is liable for an injury caused by the negligence of her husband when driving the car, when it appears that he was driving it in the course of her business or pleasure at the time. *Smith* v. *Weaver,* 124 *N. E. Rep.* 503; *DeMott* v. *Knowlton,* 100 *N. J. L.* 296; *Tischler* v. *Steinholz,* 99 *N. J. L.* 149; *Missell* v. *Hayes,* 86 *Id.* 348. The evidence showed that the car was owned by the defendant. Such proof of the wife's ownership of the automobile, which was being driven on the public highway by her husband, raised a presumption of fact that it was being driven by him as her agent, and that he was acting within the scope of his agency. *DeMott* v. *Knowlton, supra; Tischler* v. *Steinholz, supra; Mahan* v. *Walker,* 97 *N. J. L.* 304. These, of course, are rebuttable presumptions. Here the defendant sought to overcome by other evidence such presumption of agency; but considering all the evidence the question of agency remained a jury question. The testimony was to the effect that the automobile inflicting the injury was a "family car;" that it was owned by the wife, who gave her husband "permission to drive it for her;" that on the evening in question, by an arrangement between them, he was driving to the home of his parents to get his wife, who had gone there earlier in the evening to make a call. The mere fact that the husband had a friend with him in the car, and that he intended to stop on the way, did not justify a direction of a verdict for the defendant owner. *DeMott* v. *Knowlton, supra; Tischler* v. *Steinholz, supra.*

The judgment will be affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, MINTURN, BLACK, KATZENBACH, CAMPBELL, LLOYD, WHITE, GARDNER, VAN BUSKIRK, CLARK, McGLENNON, KAYS, JJ. 15.

*For reversal*—None.