JOSEPH EMMLER, PLAINTIFF-APPELLEE, v. TYSON KLINE, DEFENDANT-APPELLANT.

Submitted October 14, 1927—Decided January 18, 1928.

Before Justices PARKER, MINTURN and CAMPBELL.

For the appellant, *Raymond E. Taylor.*

For the appellee, *Donohue & O'Brien.*

PER CURIAM.

This case arises out of a collision at night between an automobile owned and driven by the plaintiff and an automobile which the jury were justified in saying belonged to the defendant, the principal dispute relating to the question whether defendant's car at the time was driven by the defendant or anyone acting under his authority.

The accident occurred about eleven-forty P. M. at the corner of Ferry and Jackson streets in Newark. Starting with the presumption arising from the fact that the colliding car was that of the defendant, the uncontradicted proof showed that the defendant took his wife and a woman friend in the car at about half past nine that evening from 168 Clinton avenue, which is about a mile and a half away from the point of collision, to a restaurant on South Orange avenue, not far away, stayed until a little after eleven, and returned to their home at eleven twenty-five to eleven-thirty P. M.; that the defendant then took his car to a garage where he habitually

kept it and went back to his home. The garageman testified that the car came in about eleven-thirty. The next morning when the defendant went to get his car for the purpose of going to work, it was missing and no one could account for it. About four days later, it was found in a damaged condition in a garage opposite the Market street station in Newark.

Our examination of the evidence satisfies us that the presumption arising from the fact that the defendant's car was in an accident, that it was being driven by the authority of the defendant, was fully overcome. The only reasonable deduction from the testimony was that someone had stolen the car after the defendant put it up in the garage. In this situation, the court was asked to direct a verdict for the defendant, and refused to do so. We think the verdict should have been directed, and that it was error to refuse it.

The judgment is therefore reversed, and the case remanded for a new trial.