PASQUALE IANUZZI, PLAINTIFF-RESPONDENT, v. PUBLIC SERVICE INTERSTATE TRANSPORTATION COMPANY, DEFENDANT-APPELLANT, AND AMERICAN OIL COMPANY AND FRANK T. EASTLACK, JR., JOINTLY, SEVERALLY AND IN THE ALTERNATIVE, DEFENDANTS.

Submitted May 10, 1932—Decided November 12, 1932.

Before Justices TRENCHARD, CASE and BROGAN.

For the plaintiff-respondent, *Orlando & Kisselman* (*Samuel P. Orlando,* of counsel).

For the defendant-appellant, Public Service Interstate Transportation Company, *Henry H. Fryling* (*Patrick H. Harding,* of counsel).

PER CURIAM.

This is an appeal from a judgment of the Camden City District Court, the judge sitting without a jury. Judgment was entered in favor of the plaintiff and against the defendants Public Service Interstate Transportation Company and Frank T. Eastlack, Jr. Public Service Interstate Transportation Company appeals and specifies as objections that the court denied its motions for a nonsuit and for a direction of verdict.

The action is for property damage and personal injuries alleged to have arisen from an automobile collision between an automobile truck owned and driven by the plaintiff and an automobile truck owned by Public Service Interstate Transportation Company and driven by Frank Tippin.

The fact that the appellant as the owner of the truck was the only item of proof against the appellant. The liability of the owner for the negligence of the driver is dependent

upon the existence of the relationship of master and servant between them. In the absence of that relationship the doctrine of *respondeat superior*, upon which alone the owner's liability rests, is not applicable. *Spelde* v. *Galtieri*, 102 *N. J. L.* 203; 130 *Atl. Rep.* 526. Proof of ownership of an automobile driven on a public highway raises a presumption of fact that the automobile was in the possession of the owner, if not personally, then through the owner's servant, the driver. But this presumption may be overcome by uncontradicted proof to the contrary, and if so overcome by uncontradicted proof that the automobile was not in the possession of the owner or his servant, then a motion for a direction of a verdict for the defendant owner will be granted. *Tischler* v. *Steinholtz*, 99 *N. J. L.* 149; 122 *Atl. Rep.* 880.

.Tippin, the driver of the truck, was called as a witness for the plaintiff and testified that he was employed by, and was paid for his services by, defendant Frank T. Eastlack; that the witness' work consisted in transporting and delivering gasoline from tank supplies kept on Eastlack's premises; that the truck that was being driven by Tippin bore the name of Frank T. Eastlack and that name only; that the deliveries of gasoline were on behalf of his employer and were made to various places. This proof was uncontradicted. With the testimony in that posture, we think that the defendant's motions should have been granted.

The judgment below will be reversed.