ROSE YANOWITZ, PLAINTIFF-APPELLANT, v. SIDNEY A. PINKHAM AND JOSEPH FRUCHT, DEFENDANTS-RESPONDENTS.

Submitted May 27, 1933—Decided October 16, 1933.

For the appellant, *Harry Levin.*

For the defendants, *Collins & Corbin* (*Edwin A. Markley* and *Howard F. McIntyre,* of counsel).

The opinion of the court was delivered by

TRENCHARD, J.   The plaintiff below brought this action against both defendants to recover damages for personal injuries sustained by plaintiff in an automobile collision between a car owned by the defendant Pinkham and a car owned by the defendant Frucht, but driven by plaintiff's brother, in which plaintiff was riding.

The trial resulted in a verdict and judgment in favor of both defendants, and the plaintiff appeals only from the judgment in favor of defendant Frucht, who will hereafter be referred to as the defendant.

The sole question involved in this appeal is whether the trial judge erred in submitting to the jury the question whether the plaintiff was defendant's invitee or a licensee.

The contention of the plaintiff was and is that, *as a matter of law,* she was defendant's invitee, and therefore the defendant owner owed her the duty of reasonable care; the defendant's contention being that as to him she was a mere licensee to whom he did not owe such duty.

We think that, under the evidence, the plaintiff cannot complain that the court submitted to the jury the question whether the plaintiff was defendant's invitee or a licensee.

At the trial it appeared that a daughter of the defendant

was at the seashore (Bradley Beach), and she wanted to come home; that he gave Max Yanowitz (plaintiff's brother) his (defendant's) car, and told Yanowitz to take defendant's three other children along and bring home the defendant's daughter. It was on the way to Bradley Beach that the collision occurred in which the plaintiff was injured, the defendant, of course, not being present. The plaintiff testified that her brother asked her to go along on the ride, and that she entered the defendant's car at her own home, and not the defendant's home. Plaintiff's brother testified that he asked the defendant if he could take his sister on the ride, and that the defendant said it was all right, and that it was his recollection that defendant permitted him to take his sister on the ride. The defendant testified: "He [Max Yanowitz] asked me if he could take his sister, and I said, 'that is up to you. If you want to take her, take her.'"

Of course, on the principle of *respondeat superior,* the owner of an automobile is held liable to one riding therein as *his* guest, whether such owner is driving the car in person, or by his duly authorized agent. with or without the presence of the owner in the car.

But one who is riding as a guest in an automobile, though the car is being driven by the owner's agent duly authorized thereto, may be the guest of the agent, and not of the owner.

If the driver of an automobile, though acting duly for his absent master in the *operation of the car,* was not acting for him or in the execution on furtherance of his master's business in accepting and transporting the guest, the master and owner cannot be held liable by the guest for want of reasonable care of the driver.

In a suit (as here) by a guest against the owner of an automobile for personal injury sustained in a collision, where it appeared that the driver of the car, though operating it as the agent of the owner, invited the plaintiff to become his (the driver's) guest, and the evidence generally tended to show that in so doing the driver was not acting for the owner or in the execution or furtherance of the owner's business, the plaintiff cannot be said, *as a matter of law,* to be

the owner's invitee, and in such case the plaintiff cannot complain that the court submitted the question of invitation to the jury.

Such are the rules, pertinent to the instant case, established by our cases hereinafter cited.

Clearly, here, the question whether the plaintiff was the defendant's invitee was for the jury's determination. Under the testimony of the defendant the plaintiff was not, *as a matter of law,* the defendant's invitee, either expressly or by implication, since the notion of invitation may well be regarded as expressly negatived. As to whether or not the driver could take his sister on the ride defendant said, "that is up to you. If you want to take her, take her." The driver was engaged in a specific mission in behalf of the defendant, that is, to take defendant's children to the shore for a ride and bring another member of the family home from the shore. The inference was certainly permissible that the defendant merely acquiesced in the driver's invitation to his own sister to go along on the ride, and so, under these circumstances, as the cases hold, it was for the jury to say whether or not the plaintiff was the defendant's invitee, or whether he merely acquiesced in her presence in the car.

Thus in *Timannus* v. *De Witt,* 109 *N. J. L.* 168, the two women (plaintiff's intestate and the defendant), were sisters. The night before the accident they had come from Lake Hopatcong in the defendant's car and spent the night in the decedent's home in Jersey City. At the breakfast table, on the day of the accident, the defendant said she was going into the city to attend to some business. The decedent then said she would go with her, and the defendant said, "very well. That is all right." The accident occurred on that ride. The court said: "The sole question involved is whether, as a matter of law, the deceased was a licensee or invitee in appellant's car at the time of the accident. The learned trial judge left the question to the jury under a concededly proper instruction. In this, we think, there was no error."

Again, in *Evers* v. *Krouse,* 70 *N. J. L.* 653, this court pointed out that an act done by the servant while engaged in

the work of his master may be entirely disconnected therefrom, done, not as a means or for the purpose of performing that work, but solely for the accomplishment of the independent purpose of the servant, and that such an act is not, as a matter of fact, the act of the master in any sense and should not be deemed to be so *as a matter of law,* and that as to it, the relation of master and servant does not exist between the parties, and for the injury resulting to a third person from it the servant alone should be held responsible.

In the instant case it was clearly open to the jury to find that the invitation by the driver to the plaintiff to go on the ride was "ouside the scope of his employment, and not prompted by any benefit or accommodation to the master or the master's interests," and, hence, the question whether the plaintiff was defendant's invitee was for the jury. *Paiewonsky* v. *Joffe,* 101 *N. J. L.* 521.

Again, in *Doryk* v. *Perth Amboy Bottling Co.,* 104 *N. J. L.* 87, plaintiff was invited on the truck by defendant's driver, with the implied consent of the manager of the defendant company, who saw the plaintiff get on the truck and made no objection, either to his getting on, or to his taking the place on the truck where he stood at the time he was thrown therefrom by the "sudden jerk" of the car, and was injured. The court said: "Under the testimony in the cause the question whether the plaintiff was a licensee or invitee became a factual one for the decision of the jury."

Since, in the instant case, the plaintiff had no just cause to complain that the court submitted to the jury the question as to whether the plaintiff was defendant's invitee, or a mere licensee; and since that is the only question raised, the judgment under review will be affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, CASE, BODINE, DONGES, HEHER, PERSKIE, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, DILL, JJ. 15.

*For reversal*—None.