110 N.J. Super. 68 (1970)
264 A.2d 448
ROBERT W. HARVEY AND RITA HARVEY, HIS WIFE, PLAINTIFFS-RESPONDENTS,
v.
PETER G. CRAW, DEFENDANT-APPELLANT, AND WILLIAM J. WALKER, JR., PHYLLIS B. DOW AND HAROLD E. DOW, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued February 16, 1970.
Decided April 20, 1970.
*71 Before Judges SULLIVAN, CARTON and HALPERN.
Mr. Francis F. Welsh argued the cause for appellant.
Mr. Richard D. Catenacci argued the cause for respondents, Robert W. Harvey and Rita Harvey (Messrs. Pindar, McElroy, Connell, Foley & Geiser, attorneys; Mr. John A. Pindar, of counsel).
Mr. Herman D. Michels argued the cause for respondent, Harold E. Dow (Messrs. Michels, Schwartz & Maher, attorneys; Mr. Edward R. Schwartz on the brief).
The opinion of the court was delivered by CARTON, J.A.D.
Plaintiff Robert W. Harvey, a passenger in an automobile operated by defendant Harold E. Dow and owned by Dow's wife Phyllis, sustained injuries when the Dow car collided with one operated by defendant *72 Walker and owned by defendant Craw. Plaintiffs obtained judgments based on jury verdicts totaling $1,207,784 against Harold E. Dow and both Walker and Craw. Craw alone appeals.
Plaintiffs sought to impose liability on Craw as owner of the automobile on the theory that Walker was acting as Craw's agent when the accident occurred. Craw specifically denied agency. His alleged agency is the only issue on this appeal. Plaintiffs adduced no evidence on their case in support of the claim of agency. Instead, they relied upon the presumption of agency arising from Craw's ownership of the vehicle.
Craw testified on his own behalf that he had met Walker at an ice cream parlor on the evening the accident happened, although not by any prearrangement. Craw had a date with his girlfriend and because Walker's car, a 1950 model, was more comfortable than his own, he wanted to borrow it. Walker agreed to let Craw use his car if Craw left his for Walker. Craw departed with his girlfriend and did not see Walker leave. He expected to return by ten o'clock that night. He learned of the collision upon his return. Craw denied that Walker was using his car on any business of his whatsoever.
On cross-examination, Craw acknowledged knowing Walker prior to this occasion, but insisted they were not close friends. He conceded he might have exchanged cars on other occasions  once or twice previously  but not as a regular occurrence. He said Walker did not inform him where he was going, nor did Craw know or ask. Craw did not recall giving Walker any restrictions as to where the latter might go, saying only that if Walker wanted to use the car he could. Craw's cross-examination was concluded with his admission that he had been convicted of a crime.
In support of Craw's testimony the defense read the deposition of McNabb, which shed the only other light on Walker's use of Craw's car. McNabb deposed that he and two other men met Walker accidentally at the ice cream parlor, *73 that Walker was driving Craw's car and invited McNabb and the two men to attend a party in a nearby town, and that they joined him.
McNabb expressed the belief that the reason Walker was driving Craw's car was that they had traded cars that evening. He did not see them actually do so but he did see Craw driving Walker's car.
There was no rebuttal testimony. None of the parties called Walker as a witness.
Craw then moved to dismiss the action as to him. The trial court denied the motion because Craw's conviction created a factual question as to the credibility of his testimony (designed to rebut the presumption of agency), requiring submission of the agency issue to the jury.
Craw's liability to plaintiff could only be established if Walker was in fact acting as Craw's agent in operating his car when the accident occurred. To establish agency, plaintiffs relied upon the rule of law that use of an automobile upon a public highway by one who is not its owner raises a presumption of agency between the operator and the owner.
This presumption is one of fact. It can be rebutted by a defendant-owner where a plaintiff seeks to hold him vicariously liable for the negligence of the driver. Tischler v. Steinholtz, 99 N.J.L. 149 (E. & A. 1923); Mahan v. Walker, 97 N.J.L. 304 (E. & A. 1922). The effect of such a presumption is described in Evidence Rule 14:
If evidence to the contrary of a presumed fact is offered, the existence or nonexistence of such fact shall be for the trier of fact, unless the evidence is such that the minds of reasonable men would not differ as to the existence or nonexistence of the presumed fact.
To prevent the issue of agency from reaching the jury, the owner must show by uncontradicted testimony that no employer-employee or principal-agent relationship existed, or, if one did exist, that the employee or agent had transgressed the bounds of his authority. Wallace v. A.R. *74 Perine Co., 113 N.J.L. 20 (E. & A. 1934); Nicosia v. Marangi, 13 N.J. Super. 550 (App. Div. 1951).
This presumption, aside from placing upon the owner of a vehicle the burden of producing evidence as to the nature of the relationship existing between himself and the driver (a burden which "presumably" he is in a better position to carry), also serves the added benefit of bestowing upon plaintiffs a means of avoiding a directed verdict  i.e., it is a means of getting to the jury. See McCormick, Evidence § 310, at 649 (1954).
The cases in this State  as indeed in most of the others  involve primarily two fact situations. Either the vehicle is owned by a parent and is being operated by a member of his family (Paul v. Flannery, 128 N.J.L. 438 (E. & A. 1942)), or the driver is actually employed by defendant owner and the question involves deviation from the scope of that employment (Coopersmith v. Kalt, 119 N.J.L. 474 (E. & A. 1937)). See McCormick, supra, at 651; see generally Annotations, 5 A.L.R. 2d 196 (1949) and 5 A.L.R.3d 19 (1966).
Here there existed only the naked presumption of agency. There was no family relationship present, nor any situation of regular employment. Nor was there any evidence from which the fact of agency could be inferred.
All of the evidence pointed to the contrary. The relationship between Craw and Walker was exclusively a social one. The situation was simply one where Craw had loaned his automobile to a friend to use for his own purpose.
The temporary, mutual exchange of cars did not create an agency relationship for the reason that each was pursuing his own interest. In Walker's case that interest was in attending a party with others whom he invited along.
It is only "[w]here men of reason and fairness may entertain differing views as to the truth of testimony * * * [that] evidence of such a character is for the jury." Ferdinand v. Agricultural Ins. Co., 22 N.J. 482, 494 (1956). Since all the evidence was uncontradictory and *75 permitted but one reasonable conclusion as to the facts on the issue of agency, that issue should have been decided by the trial court and not submitted to the jury.
It is evident that the trial court would have granted Craw's motion to dismiss had it not been for his criminal conviction. Evidence of that conviction was, of course, clearly admissible for the purpose of affecting his credibility. N.J.S.A. 2A:81-12 provides:
For the purpose of affecting the credibility of any witness, his interest in the result of the action, proceeding or matter or his conviction of any crime may be shown by examination or otherwise, and his answers may be contradicted by other evidence.
Such evidence was admissible despite the fact that this was a civil action. Gindin v. Baron, 16 N.J. Super. 1, 7 (App. Div. 1951).
It does not follow, however, that simply because evidence of conviction of a crime may be shown in a civil case to affect the credibility of the witness, this alone is sufficient to compel consideration of the ultimate fact in issue by the jury.
As the court said in Ferdinand v. Agricultural Ins. Co., supra,
But when the testimony of witnesses, interested in the event or otherwise, is clear and convincing, not incredible in the light of general knowledge and common experience, not extraordinary, not contradicted in any way by witnesses or circumstances, and so plain and complete that disbelief of the story could not reasonably arise in the rational process of an ordinarily intelligent mind, then a question has been presented for the court to decide and not the jury. [22 N.J., at 494]

* * * * * * * *
The great number of cases * * * incline to the more flexible view expressed by us here, that where the uncontradicted testimony of a witness, interested or otherwise, is unaffected by any conflicting in-inferences to be be drawn from it and is not improbable, extraordinary or surprising in its nature, or there is no other ground for hesitating to accept it as the truth, there is no reason for denying the verdict dictated * * *. [at 498]
* * * we refuse to recognize the existence, in this State, of a hard and fast rule that the credibility of a witness is always a question for jury determination. [at 500]
*76 A car owner's credibility is always in issue because he has an interest in overcoming the presumption of agency arising from another's use of his automobile. However, as recognized in Ferdinand, there is no "hard and fast rule" mandating that a jury decide every question of credibility arising from interest. Nor is there a rule requiring the jury to resolve every issue of credibility arising from a witness's prior conviction. Conceptually, there is little difference between showing one's interest or one's criminal past for impeachment purposes. Indeed, N.J.S.A. 2A:81-12, in authorizing an attack on a witness's credibility by showing an interest or prior conviction, makes no distinction between these two forms of impeachment.
There is no reason why a mere showing of a criminal past, any more than a showing of interest in the out-come, should create a jury question. So to hold when there is not the slightest controversy as to the underlying facts would be to abrogate the judicial function of determining whether the evidence conclusively determined the existence or nonexistence of the fact of agency. The issue, under such circumstances, must hinge on the probabilities of the case and whether there exists reasonable inferences supporting the fact of agency.
The presumption of agency arising from ownership here served its purpose by allowing plaintiffs to avoid a dismissal at the close of their own case and by requiring Craw to come forward with evidence to rebut it. However, the trial judge was still required to determine whether the minds of reasonable men could differ as to the existence or nonexistence of the presumed fact of agency. See Evidence Rule 14.
Aside from the bare presumption, the facts in this case failed to reveal even the possibility of any agency relationship. No contention was made that the facts on that issue were not as Craw said they were. McNabb's statement that Walker was using Craw's car for the purpose of driving himself and others, including McNabb, to a party corroborated Craw's account of the episode. In the absence of any *77 contradictory proof, this evidence was sufficient to rebut the presumption. The inherent probabilities of the situation also pointed to this conclusion. Consequently, there was no valid basis for refusing to grant defendant's motion for dismissal.
Reversed with the direction that judgment be entered in favor of defendant Craw. No costs.