631 A.2d 590

ENRIQUE HERNANDEZ, PLAINTIFF, v. JUAN VELEZ, ORLANDO CRESPO, MARIA A. BRASCHI AND JOHN DOE (NAME BEING FICTITIOUS), DEFENDANTS.

Superior Court of New Jersey
Law Division Essex County

Decided July 7, 1993.

354

*Bross, Strickland, Cary & Grossman, Anthony Carbone,* for plaintiff.

*Robert F. Simon,* for defendant.

YANOFF, J.S.C. (retired and temporarily assigned on recall).

The summary judgment motion in the above matter is unopposed. There are two grounds: one, there is no evidence that the stolen vehicle was being operated at the time of the accident by the agent of defendant Braschi; the second is based on *Oswin v. Shaw,* 129 *N.J.* 290, 609 *A.*2d 415 (1992).

The *Oswin v. Shaw* motion cannot be granted because there simply is not enough information to show that the plaintiff is subject to the verbal threshold. The answers to interrogatories, which were presented without the interrogatories so that it is difficult to know what is involved, state that there is a $200 threshold. The *Oswin* motion is predicated, of course, on non-monetary considerations. There is nothing to show how the plaintiff comes within the verbal threshold.

The agency motion also cannot be granted. This is an automobile accident case. Defendant, Maria A. Braschi, owner of the automobile, has moved for summary judgment. At issue is whether this defendant may be held liable when it appears established that she was neither driving nor present at the time of the accident. According to the cited police report:

Mr. Juan Velez stated while out looking for his mother-in-law vehicle which was stolen. Along with his wife he spotted the vehicle on Second Ave. Mr. Velez stated unknown driver of veh # 2 made a left off of Second Ave onto Summer Ave and stop. Mr. Velez stated he jump out of his wife veh and ran up to veh # 2 and grab the driver around the neck and pulled himself into the veh and told the suspect to cut the veh off. Driver of the veh pull away at a very fast speed told the pass "If I go you will go with me".... Velez stated he put the car in park and driver of the veh lost control of the veh struck park veh # 1 causing veh # 1 to be

push up against the utility pole veh # 2 spun off of park veh # 1 and hit park veh # 3 faceing south on Summer Ave. Unknown drive of Veh # 2 and front seat passenger fled scene on foot. [sic]

The plaintiff is an additional third party who was not mentioned in the police report.

Counsel for defendant cites cases that hold that a defendant automobile owner cannot be held liable for the negligence of a third party car thief, in the absence of evidence of defendant's negligence in encouraging or allowing this theft. *Negri v. Liebl,* 251 *N.J.Super.* 296, 598 *A.*2d 25 (Law Div. 1991); *Jersey Cent. Power v. Weigand,* 234 *N.J.Super.* 514, 560 *A.*2d 1346 (Law Div. 1989).

This is not, however, a standard car theft case. The defendant may not be held liable for the actions of the thief. Yet it is clear from the police report that defendant's son-in-law, Velez, contributed to causing the accident. This raises the question of whether defendant Braschi may be held answerable for her son-in-law's superhero stunt.

In New Jersey, as elsewhere, there is a "rule of law that use of an automobile upon a public highway by one who is not its owner raises a presumption of agency between the operator and the owner." *Harvey v. Craw,* 110 *N.J.Super.* 68, 73, 264 *A.*2d 448 (App. Div.1970).

> This presumption is one of fact. It can be rebutted by a defendant-owner where a plaintiff seeks to hold him vicariously liable for the negligence of the driver * * * To prevent the issue of agency from reaching the jury, the owner must show by uncontradicted testimony that no employer-employee or principal-agent relationship existed, or if one did exist, that the employee or agent had transgressed the bounds of his authority.
>
> [*Ibid.* (citations omitted); *accord Kauffman v. Gullace,* 252 *N.J.Super.* 467, 476, 600 *A.*2d 143 (App. Div. 1991).]

Whether this presumption applies in this case and, if so, whether it has been overcome, is a difficult question.[1] Additionally, the

---

[1] Clear evidence of theft has been held to preclude a jury question of agency. *Emmler v. Kline,* 6 *N.J.Misc.* 56, 139 *A.* 899 (Sup.Ct.1928). Once again, however, the facts here go beyond a simple theft.

facts in the police report may create a jury issue of agency, even in the absence of the presumption.

The presumption of agency, as it is described in *Harvey,* applies between the "operator and the owner." *Harvey v. Craw, supra,* 110 *N.J.Super.* at 73, 264 *A.*2d 448. Elsewhere, it is between the "driver" and the owner. *Tischler v. Steinholtz,* 99 *N.J.L.* 149, 152, 122 *A.* 880 (E. & A. 1923). In this context, "using," "driving," and "operating" appear to be used interchangeably. *See Townsend v. Great Adventure,* 178 *N.J.Super.* 508, 521, 429 *A.*2d 601 (App. Div. 1981); *Venghis v. Nathanson,* 101 *N.J.L.* 110, 114, 127 *A.* 175 (E. & A. 1925); *Yanowitz v. Pinkham,* 111 *N.J.L.* 448, 450, 168 *A.* 770, (E. & A. 1933), and *Doran v. Thomsen,* 76 *N.J.L.* 754, 71 *A.* 296 (E. & A. 1908). Particularly, see P.H. Vartanian, Annotation, *Overcoming Inference or Presumption of Driver's Agency for Owner, or Latter's Consent to Operation of Automobile,* 5 *A.L.R.*2d 196 (1949) (emphasis added).

In other contexts, broad distinctions have been drawn between the terms "operating" and "driving." *State v. Mulcahy,* 107 *N.J.* 467, 478, 527 *A.*2d 368 (1987), *citing* James O. Pearson, Jr., Annotation, *What Constitutes Driving, Operating, or Being in Control of Motor Vehicle for Purposes of Driving While Intoxicated Statute or Ordinance,* 93 *A.L.R.*3d 7 (1979). *See also,* W.R. Habeeb, Annotation, *Meaning of "operate" or "being operated" within clause of automobile liability policy limiting its coverage,* 51 *A.L.R.*2d 924 (1957), and P.H. Vartanian, Annotation, *What constitutes "operation" or "negligence in operation" within statute making owner of motor vehicle liable for negligence in its operation,* 13 *A.L.R.*2d 378 (1950). Generally, case law holds that one does not need to be "driving," in its conventional sense, to be "operating" an automobile.

One example is *State Farm Mut. Auto. Ins. Co. v. Coughran,* 303 *U.S.* 485, 58 *S.Ct.* 670, 82 *L.Ed.* 970 (1938). There, in an opinion of Justice McReynolds, the Court recognized that the word "operate" may have varying meanings. In that case, the minor daughter of the owner of an automobile was in the driver's

seat of the vehicle in question. Her mother, who was seated in the passenger seat, grabbed the steering wheel and caused a collision. The court held that under those circumstances, a jury could find that both the minor and her mother were operating the vehicle jointly.

At this juncture,[2] I cannot hold that Mr. Velez was not operating the motor vehicle as a matter of law. In any event, I hold that the presumption applies. The purpose of the presumption is to put "upon the owner of a vehicle the burden of producing evidence as to the nature of the relationship existing between himself and the driver (a burden which 'presumably' he is in a better position to carry)[.]" *Harvey, supra,* 110 *N.J.Super.* at 74, 264 *A.*2d 448. It makes little difference how Velez caused or contributed to the accident; the issue is whether he was acting as his mother-in-law's agent. Clearly, the defendant/owner is in a better position to disprove agency than plaintiff is to prove it.

This raises the question of whether and to what effect the police report rebuts the presumption of agency. Under case law, to remove the issue of agency from the jury, the evidence must be "uncontradicted." "If, however, the evidence is contradictory, or reasonably subject to contradictory interpretations, the question of liability is for the jury." *Tischler, supra,* 99 *N.J.L.* at 152, 122 *A.* 880. The evidence provided does not, under summary judgment standards, completely preclude agency in this case.

"The real test as to third persons," says Mr. Wood, in his work on *Master and Servant,* p. 11, § 7, "is whether the act is done by one for another, however trivial, with the knowledge of the person to be charged as master, with his assent, express or implied, even though there was no request on his part to the other to do the act in question."

[*Doran, supra,* 76 *N.J.L.* at 757, 71 *A.* 296.]

It is reasonable to infer that Velez sought out the stolen vehicle for his mother-in-law's purposes. It was her automobile. It

---

[2] The only evidence on the circumstances of the accident submitted with the moving papers was the police report.

appears from the exhibits that it was Braschi who reported the car stolen. A jury could infer that it was Braschi who informed Velez of the theft, and with knowledge of his intentions to retrieve the vehicle by force, assented in some manner.

The same possibility exists with respect to the scope of agency. In *Mahan v. Walker*, 97 *N.J.L.* 304, 117 *A.* 609 (E. & A. 1922), the son-in-law of an automobile owner was told, by the owner, to take the car to a garage for repairs. Once there, the repairman insisted he could fix the engine only while the auto was in motion. This led to the unlikely scenario of the owner's son-in-law driving the vehicle while the mechanic lay on the running board, tinkering with the engine with the hood open. Predictably, this resulted in an accident. The auto owner testified that she had not instructed her son-in-law to assist the repairman in such a manner. Even so, the court held that there was a jury issue as to agency, speculating as to the possibility that the alleged principal would have been disappointed had her son-in-law refused the serviceman's request. Here, Velez went to unusually hazardous lengths to complete his mission. However, considering that his alleged agency was for the purpose of *recapturing a stolen automobile in Newark*, after midnight, a high degree of danger was natural to expect.

Finally, for the purposes of this motion, it would be inappropriate to assume the account in the police report is entirely true. The story is one that a jury conceivably would not believe. Under the circumstances, the plaintiff should have the opportunity to cross-examine witnesses testifying to what occurred. If inconsistencies develop, this may also create jury issues. *See Tischler, supra,* 99 *N.J.L.* at 152–53, 122 *A.* 880.[3]

There was a motion for reconsideration on the ground there were new facts. I denied the motion because there were not really any new facts.

---

[3] See also, generally, *Jennings v. Okin*, 88 *N.J.L.* 659, 661, 97 *A.* 249 (E. & A. 1916): "The jury were entitled to receive such light as could be legally thrown upon the situation, for the purpose of ascertaining the intention of the agent in the destination of the car."

For the foregoing reasons, defendant's motion for summary judgment is denied.