**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NOS. A-5312-17T1
                  A-5314-17T1

NELYS HERNANDEZ,

      Plaintiff-Appellant,

v.

RUTH OTLES,

      Defendant-Respondent.

_____

GIUSEPPE SCATURRO,

      Plaintiff-Appellant,

v.

RUTH OTLES,

      Defendant-Respondent.

_____

Submitted October 21, 2019 – Decided December 9, 2019

Before Judges Sabatino and Sumners.

On appeal from the Superior Court of New Jersey, Law Division, Union County, Docket No. L-2476-16.

Jorge Cruz, attorney for appellants.

Chasan Lamparello Mallon & Cappuzzo, PC, attorneys for respondent (Ryan J. Gaffney, of counsel and on the brief).

PER CURIAM

Plaintiff Giuseppe Scaturro was driving a motor vehicle, with plaintiff Nelys Hernandez as a front seat passenger, that was rear-ended by defendant Ruth Otles's vehicle. Defendant was not in her vehicle, which was driven by Sen Turan. The Law Division granted defendant's summary judgment motion to dismiss plaintiffs' personal injury complaints arising from the accident based upon the undisputed fact that Turan was not defendant's agent when the accident occurred, and, therefore, defendant could not be liable for plaintiffs' injuries under the theory of agency. Because we agree with the motion judge's application of the law to the facts, we affirm.

I.

As this is an appeal from a summary judgment motion order granted to defendant, our recitation of the facts is derived from the evidence submitted by the parties in support of, and in opposition to, the motion, viewed in the light most favorable to plaintiffs, and giving plaintiffs the benefit of all favorable

inferences. <u>Angland v. Mountain Creek Resort, Inc.</u>, 213 N.J. 573, 577 (2013). (citing <u>Brill v. Guardian Life Ins. Co.</u>, 142 N.J. 520, 523 (1995)).

Following the motor vehicle accident, plaintiffs, represented by the same counsel, filed separate complaints against defendant alleging she was negligent in driving her vehicle into their vehicle. Plaintiffs did not sue Turan, and defendant did not bring him into the actions as a third-party defendant. The two complaints were later consolidated on defendant's motion.

During discovery, defendant provided interrogatory answers certifying that Turan was the driver of her vehicle and she was not in the vehicle when the accident occurred. She stated her husband, without her knowledge, allowed Turan to use her vehicle to go shopping. She attached to her interrogatory answers a copy of the police accident report identifying Turan as the driver of defendant's vehicle that rear-ended plaintiffs' vehicle.

Defendant moved for summary judgment supported by her statement of material facts that Turan was not driving her vehicle as her agent at the time of the accident as set forth in her attached interrogatory answers and affidavit of no agency. On the day oral argument was scheduled, defendant's counsel mistakenly believed disposition was on the papers and did not attend. Both parties consequently waived oral argument and consented to disposition on the

briefs. Judge Mark P. Ciarrocca issued an order and oral decision granting summary judgment for defendant.

Judge Ciarrocca initially noted plaintiffs' opposition to the summary judgment motion was filed late and was non-compliant. Nonetheless, the judge addressed the merits of the motion by applying the well-known summary judgment standard under Rule 4:46-2(c) and Brill.

In accordance with Harvey v. Craw, 110 N.J. Super. 68, 73 (App. Div. 1970), Judge Ciarrocca held "the use of a . . . vehicle upon a public roadway by one who is not the owner raises a presumption of agency between the owner and the owner, but that can be rebutted by the defendant[-]owner." Further, the judge cited our ruling in U.S. Pipe & Foundry Co. v. American Arbitration Ass'n, 67 N.J. Super. 384, 400 (App. Div. 1961), that "bare conclusions in the pleadings without factual support in tendered affidavits will not defeat a meritorious application."

Applying these principles, Judge Ciarrocca determined defendant rebutted the presumption that Turan was driving defendant's vehicle as her agent through her motion's statement of material facts, which cited to her interrogatory answers and affidavit. The judge held plaintiffs' opposition failed to "deny any of . . . defendant's statement . . . of material fact" or "offer any evidence . . . to rebut

[defendant's] statements that [Turan] was not acting as [defendant's] agent, servant, or employee." Simply stating "[t]he non-moving party has not provided anything, but bare statements regarding agency in this matter[,]" the judge dismissed plaintiffs' complaint because there were no facts demonstrating Turan was driving defendant's vehicle as her agent. This appeal followed.

Before us, plaintiffs assert the presumption of agency, established in Harvey, was not overcome by defendant, and Turan's permission from defendant's husband created agency between Turan and defendant. In particular, plaintiffs interpret Harvey to hold that "a blanket denial of agency would present a jury question . . . negating the propriety of summary judgment on this issue." They argue defendant's claim that Turan was not her agent is merely self-serving hearsay and does not overcome the presumption of agency. They maintain defendant is vicariously liable for Turan's negligence because defendant's husband gave Turan permission to use her vehicle, and neither Turan nor her husband provided an affidavit supporting defendant's motion. Thus, plaintiffs maintain agency is an issue of fact to be decided by the jury. Finally, plaintiffs assert summary judgment would not have been entered had oral argument been held because it would have clarified the parties' respective position on agency.

We are unpersuaded by plaintiffs' arguments and affirm substantially for the sound reasons stated by Judge Ciarrocca in his oral decision. We add the following comments.

Plaintiffs' interpretation of <u>Harvey</u> is incorrect. <u>Harvey</u> does not support the principle that mere denial of agency by the owner of a motor vehicle is enough to raise a question of material fact as to the existence of agency. <u>Harvey</u> clearly indicates the presumption of agency can be rebutted by uncontradicted facts. 110 N.J. Super. at 73. (holding a defendant-owner can rebut the presumption "where a plaintiff seeks to hold him vicariously liable for the negligence of the driver[,] . . . by uncontradicted testimony that no . . . principal-agent relationship existed, or, if one did exist, that the . . . agent had transgressed the bounds of his authority") (citations omitted).

Defendant asserted in her interrogatory answers and affidavit of no agency that Turan was not her agent. Plaintiffs' failed to provide any facts repudiating the assertion in the form of deposition testimony or affidavits from defendant's husband, Turan, or anyone else to establish agency existed between defendant and Turan. Plaintiffs therefore established no genuine issue of material fact regarding agency to defeat summary judgment. <u>See</u> <u>R.</u> 4:46-2; <u>Brill</u>, 142 N.J. at 529.

A-5312-17T1

As for the lack of oral argument, plaintiffs' consent to disposition of the motion on the papers cannot serve as a basis to reverse the grant of summary judgment. Moreover, given the fact that plaintiffs have failed to articulate how summary judgment was improvidently granted, we see no reason to think oral argument would have resulted in a favorable outcome for plaintiffs.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-5312-17T1