JOSEPHINE SCHANK AND FRED BOSTEL, PLAINTIFFS-RESPONDENTS, v. ANGELO CERNIGLIA AND CARMELO CERNIGLIA, DEFENDANTS-APPELLANTS.

Submitted October 27, 1933—Decided January 12, 1934.

For the appellants, *Nicholas A. Tomasulo* and *Eugene A. Liotta.*

For the respondents, *Connelly & Hueston.*

The opinion of the court was delivered by

Donges, J.   Plaintiffs brought suits to recover damages for injuries sustained by them on or about the 16th day of February, 1929, by being run into by an automobile of the defendant Angelo Cerniglia, then being operated by his son, Carmelo Cerniglia, likewise a defendant herein, at the intersection of St. Georges and Wood avenues, in the city of Linden, in Union county.   The cases came on for trial at the Union Circuit and resulted in verdicts in favor of both plaintiffs and against both defendants.

Defendants write down five grounds of appeal, but argue only two of them in their brief.

The first ground urged for reversal is that it was error for the trial judge to refuse to direct a verdict in favor of the defendant Angelo Cerniglia.

The uncontradicted proofs are that on the night in question the son requested his father's permission to use the car to call upon his fiancee, now his wife; that the father handed

him the key to the car and told him he might take it; that the son took the car, and, in company with a young lady who lived next door, called upon his present wife; that as they were returning to Linden the accident occurred. In the situation presented by the uncontradicted testimony, we conclude that, under the authority of many decisions of this court, among which are *Doran* v. *Thomsen,* 76 *N. J. L.* 754, and *Ceslak* v. *Krause,* 108 *Id.* 350, the motion for a direction of a verdict in favor of the defendant Angelo Cerniglia should have prevailed, because it conclusively appeared that the son was operating the car in and about his own affairs and that he was not the agent of the father in the operation of the automobile on the occasion in question.

The second ground of appeal is that the trial judge erred in his charge to the jury on the question of the agency of the son for his father in the operation of the automobile, because the court omitted to include in such instruction that there could be no recovery if the plaintiffs were guilty of contributory negligence. We think there was no error calling for reversal in the portion of the charge excepted to. The court had fully charged respecting contributory negligence as a bar to plaintiff's recovery. In the portion now being criticised, he was dealing only with the question of the possible existence of the relation of master and servant. When the charge is read as a whole, we think there is no inconsistency or erroneous statement therein; that the jury was not misled thereby; and that, when read in connection with the whole charge, it was unobjectionable.

The judgment as to Angelo Cerniglia is reversed, and the judgment as to Carmelo Cerniglia is affirmed.

*For affirmance in part*—The CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, LLOYD, CASE, BODINE, DONGES, HEHER, PERSKIE, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, DILL, JJ. 16.

*For reversal in part*—THE CHANCELLOR, CHIEF JUSTICE, PARKER, LLOYD, CASE, BODINE, DONGES, HEHER, PERSKIE, KAYS, HETFIELD, WELLS, JJ. 12.