178 N.J. Super. 508 (1981)
429 A.2d 601
MICHAEL TOWNSEND, PETITIONER-APPELLANT,
v.
GREAT ADVENTURE, RESPONDENT-RESPONDENT. MICHAEL TOWNSEND, PLAINTIFF-APPELLANT,
v.
GREAT ADVENTURE, A BUSINESS ENTITY, HOWARD GOLDFINE, WILLIAM GOLDFINE AND MONA GOLDFINE, DEFENDANTS-RESPONDENTS, AND RICHARD ROE, A FICTITIOUS NAME, DEFENDANT.
Superior Court of New Jersey, Appellate Division.
Argued March 10, 1981.
Decided March 25, 1981.
*511 Before Judges MATTHEWS, MORTON I. GREENBERG and COLEMAN.
Stephen Lombardi argued the cause for appellant in both actions (Michael F. Lombardi attorney and on the brief).
William W. Summers argued the cause for respondent Great Adventure in A-1304-79 (Montano, Summers, Mullen & Manuel, attorneys; Bernard J. Tkaczynski on the brief).
Thomas F. Heaney, Jr. argued the cause for respondent Great Adventure in A-4007-79T1 (Carton, Nary, Witt & Arvanitis, attorneys).
Bernard Boglioli argued the cause for respondents Howard Goldfine, William Goldfine and Mona Goldfine (Boglioli & Stein, attorneys; Martin R. McGowan, Jr. on the brief).
The opinion of the court was delivered by MORTON I. GREENBERG, J.A.D.
Appellant appeals from judgments of the Division of Workers' Compensation and the Superior Court, Law Division, dismissing his claim petition for workers' compensation and his Law Division action seeking civil damages. In each case appellant sought a recovery as a result of injuries he suffered in a motor vehicle accident on August 29, 1975.
*512 The procedural history and factual background of the cases must be set forth at some length. It is undisputed that on and for some time before August 29, 1975 appellant had been employed to do maintenance work by Great Adventure, which is the respondent in the compensation case and a defendant in the Law Division. On August 29, 1975 appellant had the day off but nevertheless came to Great Adventure's premises to collect his paycheck. At that time he was involved in an accident in Great Adventure's parking lot when his motorcycle collided with an automobile being driven by Howard Goldfine, another employee of Great Adventure, who was on his way to work. Howard Goldfine had a learner's permit rather than a driver's license. He was accompanied by his sister, Mona Goldfine, a licensed driver. The Goldfine vehicle was being driven with the permission of its owner, William Goldfine, father of Howard Goldfine and Mona Goldfine.
Plaintiff was seriously injured and required hospitalization. Great Adventure's workers' compensation insurance carrier, Fireman's Fund Insurance Company, was notified of this accident. On September 17, 1975 a representative of Fireman's Fund told appellant, in a telephone call, that he was not entitled to benefits under the Workers' Compensation Act. This conversation was confirmed in a letter to appellant from Fireman's Fund dated September 18, 1975. But appellant, while hospitalized, was paid some wages by Great Adventure and was given sick day compensation. He also received temporary disability benefits. Appellant returned to work for Great Adventure in October 1975 and worked until July 1976. Various of his hospital bills were paid by the Aetna Life Insurance Company, a private insurance carrier providing certain employee health benefits for Great Adventure's employees.
In 1975 and 1976 appellant brought no action either at law or in the Division of Workers' Compensation against Great Adventure or anyone else as a result of the accident. In August 1977, however, appellant did retain counsel when pressed for payment of medical bills. As a result, two actions were instituted. On *513 August 25, 1977, within two years of the accident, appellant filed a complaint in the Superior Court, Law Division, against Great Adventure, John Doe and Richard Roe. See R. 4:26-4. The complaint stated: "The name of the driver and owner of the responsible vehicle are presently unknown and are referred to as John Doe." The complaint further recited: "Upon information and belief other persons or entities may be responsible for the care, maintenance, and control of the premises on the date in question. They are referred to in the caption as Richard Roe." Thus, in the Law Division complaint the original defendants were Great Adventure, the driver and owner of the vehicle with which appellant collided and the persons responsible for the care, maintenance and control of the parking lot. There was no suggestion in the Law Division complaint that any other person or entity could be liable for appellant's losses and injuries. The complaint against Great Adventure sought recovery on a theory that it "has denied to plaintiff benefits compensable under the workers' compensation laws of this State. Should the position of the said defendant prevail, then plaintiff may assert a civil action against said defendant."
On September 28, 1977 appellant filed an amendment to his Law Division action. He substituted Howard Goldfine as the driver of the vehicle and William Goldfine as the owner of the vehicle for the fictitious John Doe designation. Thus, at that point defendants were Great Adventure, Howard Goldfine, William Goldfine and Richard Roe. On that same date appellant filed a claim petition in the Division of Workers' Compensation against Great Adventure.
Great Adventure filed an answer to the claim petition on December 14, 1977. It denied that "the accident in which the petitioner was involved arose out of and in the course of his employment...." It also asserted that the claim was untimely as having not been filed within two years from the day of the accident. In an answer filed on February 1, 1978 to an amended claim petition, Great Adventure continued to assert the same defenses. Great Adventure on February 21, 1978 filed an answer *514 in the Law Division action setting forth as a separate defense: "Plaintiff's action is barred under R.S. 34:15-8, as amended." N.J.S.A. 34:15-8 provides that the remedies of an employee injured in an accident arising out of and in the course of employment are restricted to those provided under the Workers' Compensation Act. Thus Great Adventure in the workers' compensation case took the position that any claim against it was not compensable under the Workers' Compensation Act so that the petition should be dismissed, and in the Law Division action maintained that any claim against it was compensable under the Workers' Compensation Act so that the Law Division action should also be dismissed.
On September 1, 1978 Great Adventure changed its position in the compensation action by filing an amended answer dated August 31, 1978 in which it admitted that the accident arose out of and in the course of employment. But it still asserted that the petition was not timely and should be dismissed. Thus, as of September 1, 1978, Great Adventure was contending, in both the Law Division and Division of Workers' Compensation, that appellant had suffered an injury originally compensable under the Workers' Compensation Act though barred as not timely brought. Appellant agrees that the injury did arise out of and in the course of employment. Accordingly, we accept this stipulation of the parties which is undoubtedly well founded in law. See Hammond v. Great Atlantic & Pacific Tea Co., 56 N.J. 7, 11 (1970); DiNardo v. Newark Bd. of Ed., 118 N.J. Super. 536 (App.Div. 1972); Konitch v. Hartung, 81 N.J. Super. 376 (App. Div. 1963), certif. den. 41 N.J. 389 (1964).
On September 12, 1978 appellant obtained an order in the Law Division permitting him to file an amended complaint naming Mona Goldfine as a defendant. Thus, defendants in the Law Division were Great Adventure, the three Goldfines and Richard Roe. This order provided that, for statute of limitations purposes, the amended complaint would relate back to the date of the original complaint.
*515 Appellant thereafter prosecuted his actions in both the Division of Workers' Compensation and the Law Division. Ultimately both cases were dismissed against all parties. In the Division of Workers' Compensation appellant sought to show that temporary disability payments to him as well as payments he received from Great Adventure and Aetna Life Insurance Company within two years of the filing of his petition should be deemed compensation. This argument, if accepted, would have rendered his claim petition timely since under N.J.S.A. 34:15-51 a petition may be brought within two years of the last payment of compensation. But the judge of the Division of Workers' Compensation, after an evidential hearing, held that although the accident probably would have been compensable under the Workers' Compensation Act if the petition had been timely brought, appellant could not recover because he filed it more than two years after the accident. See N.J.S.A. 34:15-41; N.J.S.A. 34:15-51. The judge would not hold that the payments appellant received were made pursuant to the Workers' Compensation Act so as to extend the time during which he could file his petition. See Zanni v. Rudolph Poultry Equip. Co., 105 N.J. Super. 325, 329-330 (App.Div.), certif. den. 54 N.J. 244 (1969). A judgment of dismissal was entered in the Division of Workers' Compensation on December 14, 1979. On December 20, 1979 appellant appealed to this court from that judgment.
In the Law Division action, though his claims there were adjudicated on the merits, appellant was also unsuccessful. Great Adventure and Howard Goldfine, its employee and fellow employee of appellant, obtained summary judgment because appellant's injury was compensable exclusively under the Workers' Compensation Act. See N.J.S.A. 34:15-8; Barone v. Harra, 77 N.J. 276, 279 (1978); Konitch v. Hartung, supra, 81 N.J. Super. at 378. William Goldfine was granted summary judgment because no agency relationship was shown to exist between him and Howard Goldfine. Mona Goldfine obtained summary judgment because she was sued more than two years after the accident. The motion judge held that appellant could have *516 known of Mona Goldfine's involvement in the incident earlier than when he attempted to join her but instead had "slept on his rights." This decision was based on an earlier finding by another judge in the Law Division at a prior hearing that Great Adventure had a report of the accident showing Mona Goldfine's relation to the case and that the report was available to appellant shortly after August 29, 1975. Thus, appellant was deemed to have been dilatory in prosecuting his claim against Mona Goldfine and not entitled to an extension of the two-year statute of limitations. N.J.S.A. 2A:14-2. Appellant has appealed from the summary judgment granted in the Law Division in favor of defendants. His appeals have been consolidated by our order of August 6, 1980.
On his appeal from dismissal of his workers' compensation petition appellant asserts that it was timely since it was filed within two years of the last payment of compensation; that Great Adventure should be estopped from asserting that the petition was not timely and that the date of the petition should relate back to the date of the filing of the action in Law Division. On his Law Division appeal appellant argues that Mona Goldfine was properly joined as a defendant; that there is a dispute of fact as to whether she negligently supervised the operation of the motor vehicle by Howard Goldfine; that she acted as William Goldfine's agent at the time of the accident so that William Goldfine was not entitled to summary judgment, and that William Goldfine was negligent in entrusting his vehicle to an inexperienced driver. Appellant further maintains in his appeal from the Law Division dismissal that Great Adventure frustrated his attempt to recover under the Workers' Compensation Act and therefore should be estopped from asserting that his exclusive remedy is under that act.
In response to appellant's arguments, Great Adventure denies his contentions and maintains that his remedy was under the Workers' Compensation Act; that he did not timely pursue it and that Great Adventure is not estopped from raising its defenses. It also asserts that the workers' compensation petition *517 should not relate back to the filing of the Law Division action. Mona Goldfine argues that the statute of limitations bars the action as to her. Howard Goldfine contends that as a fellow employee of appellant he cannot be liable for appellant's injuries. William Goldfine denies that he was negligent in entrusting the vehicle to his children. He further claims that they were not his agents at the time of the accident.
We hold that an improper disposition of this case was made in the Law Division. R. 1:13-4(a) provides as follows:
Subject to the right to be prosecuted by indictment, if any court is without jurisdiction of the subject matter of an action or issue therein or if there has been an inability to serve a party without whom the action cannot proceed as provided by R. 4:28-1, it shall, on motion or on its own initiative, order the action, with the record and all papers on file, transferred to the proper court, or administrative agency, if any, in the State. The action shall then be proceeded upon as if it had been originally commenced in that court or agency.[1]
The rule thus requires that the court on its own initiative transfer the action to an appropriate administrative agency if the court is without subject matter jurisdiction of the action. When his complaint was filed in the Law Division appellant maintained that he could assert a civil action against Great Adventure if Great Adventure was not responsible to him for benefits payable under the Workers' Compensation Act. Clearly, he should have simultaneously filed a petition in the Division of Workers' Compensation since he was alert to the possibility that such a claim might be appropriate. Indeed, if appellant had filed such a petition instead of the Law Division action on August 25, 1977, it unquestionably would have been timely. See N.J.S.A. 34:15-51. Yet there can be no doubt that appellant did file a pleading within two years of the accident seeking to *518 recover from Great Adventure for his injuries. Thus, even though appellant filed in the wrong forum his complaint against Great Adventure should have been transferred, not dismissed.[2] This is particularly true because a dismissal caused his claim to be barred without an adjudication on the merits, certainly a result not to be favored since his claim, though in the wrong forum, was timely brought. See Galligan v. Westfield Centre Service, Inc., 82 N.J. 188 (1980); Kaczmarek v. New Jersey Turnpike Auth., 77 N.J. 329 (1978).
Summary judgments were properly entered in favor of Mona, Howard and William Goldfine. Howard Goldfine, as a fellow employee, could not be liable to appellant for damages for negligently injuring him in an accident giving rise to a compensable claim under the Workers' Compensation Act. See Barone v. Harra, supra, 77 N.J. at 279. Indeed, we do not think appellant seriously contends otherwise though his brief recites that he appeals the summary judgments for all defendants.
Mona Goldfine was not a party to this action under either a John Doe or Richard Roe designation until she was joined after the order of September 12, 1978. There was no suggestion made in the original complaint that any person supervising the operation of the Goldfine vehicle was liable for appellant's injuries. The John Doe and Richard Roe designations related to persons with control over the premises and the owner and operator of the automobile. The first amended complaint substituted Howard Goldfine as the driver and William Goldfine as the owner of the vehicle for John Doe. Thus, notwithstanding the timeliness of appellant's Law Division action against the original parties, ordinarily the complaint against Mona Goldfine *519 would be barred because brought more than two years following the accident. See McGlone v. Corbi, 59 N.J. 86 (1971); Lawlor v. Cloverleaf Memorial Park, Inc., 56 N.J. 326 (1970).
If appellant's complaint against Mona Goldfine is to be deemed timely, it can only be because the complaint will relate back to August 25, 1977, when the original complaint was filed, or because of the application of the "discovery rule." R. 4:9-3 enumerates the circumstances in which a complaint may relate back and provides as follows:
Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading; but the court, in addition to its power to allow amendments may, upon terms, permit the statement of a new or different claim or defense in the pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him.
The rule is not applicable to appellant's claim against Mona Goldfine because neither condition for relation back of a complaint against a new party has been met and because appellant was completely dilatory in pursuing his claim. There is no showing that Mona Goldfine received notice within two years from the time of the accident that any action had been instituted by appellant against any person for his injuries and losses. Indeed, there is no question but that she did not. The complaint was filed only four days before the running of the statute of limitations. Her father and brother were not named as defendants until September 28, 1978. Consequently, we do not perceive how she could have known of the commencement of the action within two years of the accident. Additionally, R. 4:9-3 permits relation back of a pleading only when a plaintiff is unable to ascertain the name of a proper party or makes a *520 mistake concerning his identity. See Carrino v. Novotny, 78 N.J. 355, 367 (1979); Farrell v. Votator Div. of Chemetron Corp., 62 N.J. 111 (1973); Aruta v. Keller, 134 N.J. Super. 522 (App.Div. 1975). In this case, however, appellant did not fail to name Mona because of a mistake as to her identity or because he could not determine who was the passenger in the Goldfine car. Rather, she was not originally joined under her correct or a fictitious name because appellant did not contemplate that there was a passenger who could be liable for his injuries.
Further, appellant presents no compelling reason to justify extending the period of limitations in this case as to Mona Goldfine. As noted by the trial judges, appellant "slept on his rights." Fireman's Fund advised appellant on September 17, 1975, 19 days after the accident, that he was not entitled to workers' compensation benefits. Though this advice was erroneous, it certainly should have alerted appellant to the possibility of bringing a civil action against Howard Goldfine. While we can appreciate that appellant may not have understood the intricacies of the Workers' Compensation Act, we do believe that a person of ordinary diligence seriously injured in an automobile accident would realize that he might have a claim against the other driver. Perhaps appellant could have been excused from not pursuing such a claim if workers' compensation had been paid. But surely appellant was unjustifiably dilatory when he did not pursue a liability claim after Fireman's Fund indicated that there were no workmen's compensation benefits due. It was only when he was pressed for payment of medical bills nearly two years after the accident that he consulted counsel. Certainly, if he had taken steps to recover for his injuries within even a few months or a year after the accident, he would have easily determined the status of Mona Goldfine in this matter since Great Adventure had a report showing her involvement.
We see no basis to extend the statute of limitations with respect to appellant's claim against Mona Goldfine on the basis *521 of the "discovery rule." As we have noted, if appellant had been at all diligent he could have ascertained Mona Goldfine's involvement in the accident. Appellant knew he had been injured. He had such a knowledge of the material facts relating to the origin and existence of his injury that he should have realized the potential for a liability claim. His lack of diligence forecloses extension of the statute of limitations beyond two years after the accident. See Lynch v. Rubacky, 85 N.J. 65, 70 (1981).
The action was properly dismissed as to William Goldfine. Although there is a presumption that Howard Goldfine was using the car as William Goldfine's agent, Harvey v. Craw, 110 N.J. Super. 68 (App.Div.), certif. den. 56 N.J. 479 (1970), the presumption was indisputably rebutted since Howard Goldfine was going to collect his own paycheck. See Schank v. Cerniglia, 113 N.J.L. 306, 307 (E. & A. 1934). Mona Goldfine was with him as a licensed driver as required by law. Further, there was no basis to hold that William negligently entrusted the vehicle to his children. N.J.S.A. 39:3-13 permitted Howard Goldfine to operate the vehicle when accompanied by Mona Goldfine. The only fact that appellant showed to support the allegation of negligence when William Goldfine entrusted the vehicle to his children was that Howard Goldfine had no license. In the circumstances of this case such lawful act cannot be held to be negligence. Indeed, if we held that William Goldfine was negligent, we would frustrate the legislative purpose of permitting persons to be trained to drive motor vehicles. Ibid.
We do not find it necessary to make a substantive disposition of appellant's appeal from the Division of Workers' Compensation. Transfer of the Law Division action against Great Adventure to the Division of Workers' Compensation will permit appellant to attain benefits that he is entitled to under the Workers' Compensation Act. Under R. 1:13-4(a) the transferred *522 complaint in the Division of Workers' Compensation will be dealt with by the Division as though filed on August 25, 1977. This was more than a month before the petition that was in fact filed in the Division by appellant. We thus perceive no prejudice to appellant if he prosecutes the transferred Law Division action rather than the subsequent workers' compensation case. Thus, a reversal of the judgment of dismissal of the Division of Workers' Compensation cannot affect appellant's rights. Therefore the appeal from the judgment of the Division of Workers' Compensation is moot. See Oxfeld v. New Jersey State Bd. of Ed., 68 N.J. 301 (1975).
Finally we hold that there is no basis to estop Great Adventure from claiming immunity from appellant's claims in the Law Division. In view of our decision, appellant has not been prejudiced by Great Adventure's or Fireman's Fund's conduct since he will be able to pursue his workers' compensation claim. See Carlsen v. Masters, etc., Pension Plan Trust, 80 N.J. 334, 339 (1979).
In accordance with our conclusions we make the following disposition of the appeals in this case. The summary judgment entered in the Law Division in favor of Great Adventure is modified so that appellant's complaint against Great Adventure shall be transferred to the Division of Workers' Compensation and proceeded on in the Division as though filed there on August 25, 1977.[3] The Division, of course, may require that appellant and Great Adventure file amendments to the pleadings from the Law Division action so they will conform to the rules of the Division. The summary judgments of dismissal in favor of Howard Goldfine, Mona Goldfine and William Goldfine are affirmed. Appellant's appeal from the Division of Workers' Compensation is dismissed.
NOTES
[1] This rule did not provide for transfers from a court to an administrative agency when the Law Division action was started, but was amended, effective September 11, 1978, to allow such transfers. See Kaczmarek v. New Jersey Turnpike Auth., 77 N.J. 329, 344 (1978). The rule as amended is applicable here because when Great Adventure obtained summary judgment the amendment had been adopted. See Feuchtbaum v. Constantini, 59 N.J. 167, 172 (1971).
[2] R. 1:13-4(a) was not brought to the attention of the trial judge nor cited by appellant on this appeal, but in the interests of justice we have raised it ourselves.
[3] The summary judgment in the appendix is not dated.