CONLEY, J. T. C.
This is a procedural matter raised by the court on its own initiative because of rather urgent time constraints involving the disposition of local property tax appeals by county boards of taxation. Appeals must be filed with county boards by August 15 and county boards are required to hear and determine all such appeals within three months. N.J.S.A. 54:3-21 and 3-26. A county board judgment rendered more than three months after the final statutory date for taking appeals is beyond the jurisdiction of the board and is void. Danis v. Middlesex Cty. Bd. of Tax., 113 N.J.Super. 6, 9, 272 A.2d 542 (App.Div.1971).
*627 Plaintiff filed a complaint with the Tax Court on August 13, 1982 but did not file an appeal with the Bergen County Board of Taxation. Plaintiff’s property consists of 64 condominium units rented to tenants. Other units in the same complex were sold by plaintiff to new owners and are not involved in this proceeding. Plaintiff alleges that all its units are substantially similar except for the number of bedrooms in each unit. The 1982 assessments for plaintiff’s 64 units range from $28,300 to $40,-200, the land portion of the assessment in each case being $3,000. The complaint states that plaintiff “seeks review of more than one separately assessed condominium property and all separately assessed properties in this complaint are contiguous and in common ownership and have a total assessment which exceeds $750,000.”
N.J.S.A. 54:3-21 has provided for many years that a taxpayer feeling aggrieved by the assessed valuation of his property may on or before August 15 appeal to the county board of taxation. When the Tax Court was established in 1979 the Legislature added this language to the statute:
. .. provided, however, that any such taxpayer . . . may on or before August 15 file a petition of appeal directly with the tax court, if the assessed valuation of the property subject to the appeal exceeds $750,000.00, and any party to an appeal pending on July 1, 1979 before a county board of taxation in which the assessed valuation of the property involved exceeds $750,000.00 shall be entitled, upon application to the county board, to have the appeal transferred to the tax court by the county board.
See, also, R. 8:3-5(a)(3).
Because none of the assessments challenged by plaintiff exceeded $750,000, this court issued an order directing plaintiff to show cause “why the pending complaint should not be transferred to the Bergen County Board of Taxation and/or dismissed by the Tax Court of New Jersey for the reason that the Tax Court has no jurisdiction over the pending action pursuant to N.J.S.A. 54:3-21.” The court directed the parties and the county board to advise the court in writing of their positions with respect to the order to show cause.
Defendant taxing district and the Bergen County Board of Taxation both responded to the order to show cause that the *628 complaint should be dismissed outright and not transferred. Plaintiff initially responded in part as follows:
The appraised [sic ] valuation of the 64 units totals $2,357,800. While no one unit exceeds $750,000, the total assessed valuation does.
In his responding letter plaintiff’s attorney also stated that he had telephoned a Tax Court judge’s law clerk “to inquire if a combined appeal for all 64 units under single ownership could properly be taken directly to the tax court and was advised that it would be proper to appeal directly to the tax court.”
The latter point raised by plaintiff warrants no extended consideration. An attorney who represents a client in litigation must act on the basis of his professional training and experience and not on the basis of an answer obtained from a clerk over the telephone. This is so even if one assumes that the clerk was presented with all the pertinent facts and that the attorney fully understood the answer. The court and its personnel do not practice law. Attorneys seeking such shorthand advice must learn that there are inherent pitfalls in that path and that there is no valid substitute for competent professional performance. See Mayfair Holding Corp. v. North Bergen Tp., 4 N.J.Tax 39 (Tax Ct.1982).
Plaintiff's attorney submitted a second letter as a response to the position taken by the Attorney General. In this letter counsel makes his position somewhat clearer. He argues that R. 8:3-5(a)(4) “specifically refers to the situation in hand” and that plaintiff is proceeding in accordance with that provision. R. 8:3-5(a)(4) provides as follows:
Where property has been assessed separately pursuant to the provisions of N.J.S.A. 46:8A-26 (Horizontal Property Act) or N.J.S.A. 46:8B-19 (Condominium Act) a single complaint may be filed provided that each separate assessment is included in a separate count.
In making this argument plaintiff overlooks the issue of jurisdiction. A taxpayer may indeed file with the Tax Court a single complaint involving separately assessed condominium properties, as it states in R.8:3-5(a)(4). However, this, may be done only after the taxpayer has already proceeded before the county board of taxation and has obtained judgments from the county board. R.8:2(c) is to the point:
*629 Exhaustion of Remedies Before County Board of Taxation. Except as otherwise provided by N.J.S.A. 54:3-21 (direct review of certain assessments to the Tax Court) or N.J.S.A. 54:2-41 (complaint for correction of error) no action to review a local property tax assessment may be maintained unless an action has been instituted before the County Board of Taxation.
In the present case it is clear that the Tax Court cannot entertain complaints on direct appeal that challenge assessments ranging from $28,300 to $40,200. N.J.S.A. 54:3-21 permits direct appeals only when “the assessed valuation of the property subject to the appeal exceeds $750,000.00.” Plaintiff does not dispute that property taxes are “separately assessed against and collected on each [condominium] unit as a single parcel, and not on the condominium property as a whole.... ” N.J.S.A. 46:8B-19. Accordingly, the fact that plaintiff owns a number of contiguous units whose assessments together exceed $750,000 is irrelevant. It is thus readily apparent that plaintiff incorrectly challenged its 1982 assessments in the Tax Court rather than in the Bergen County Board of Taxation. The question, then, is whether the complaint should be dismissed by this court for lack of jurisdiction or whether the court should transfer plaintiff’s complaint to the county board.
R. 1:13 A(a) provides, in pertinent part, that
... if any court is without jurisdiction of the subject matter of an action or issue therein .., it shall, on motion or on its own initiative, order the action, with the record and all papers on file, transferred to the proper . . administrative agency ... in the State. The action shall then be proceeded upon as if it had been originally commenced in that ... agency.
Cf. Bergen Cty. v. Paramus, 79 N.J. 302, 399 A.2d 616 (1979); Kaczmarek v. N. J. Turnpike Auth., 77 N.J. 329, 390 A.2d 597 (1978); Townsend v. Great Adventure, 178 N.J.Super. 508, 429 A.2d 601 (App.Div.1981).
The Attorney General argues on behalf of the Bergen County Board of Taxation that even though E.l:13-4(a) would appear to establish the authority for this court to transfer the complaint to the county board, the court cannot confer jurisdiction on the board by such a transfer because plaintiff’s complaint was not filed with the county board by August 15, 1982, citing Mayfair Holding Corp. v. North Bergen Tp., supra. In that case the taxpayer filed a petition of appeal with the county tax board on *630 August 16 and the county board dismissed the petition as untimely filed. The Tax Court held that the county board’s dismissal of the taxpayer’s petition on jurisdictional grounds had been proper. However, in Mayfair Holding Corp. there had been no filing of any kind by August 15, the statutory filing deadline. In the present case plaintiff filed a complaint challenging its 1982 assessments on August 13, 1982, but mistakenly filed its papers in the wrong forum.
The New Jersey Supreme Court has recently dealt with the problem of such incorrect filings and it has determined that in certain instances the filing deadline in the proper forum should be tolled by a filing in the incorrect forum. In Galligan v. Westfield Centre Service Inc., 82 N.J. 188, 412 A.2d 122 (1980), the court held that the two-year statute of limitations for personal injury actions was tolled by the filing of a complaint in the United States District Court even though that court lacked subject matter jurisdiction. In Bergen Cty. v. Paramus, supra, the court dealt with the county’s claim for a 1975 tax exemption which it had sought to establish by filing a complaint in lieu of prerogative writs in the Superior Court. The Supreme Court first found that the county should have filed a petition of appeal with the Bergen County Board of Taxation rather than an action in the Superior Court. After concluding that the record below was inadequate for a disposition on the merits, the court remanded the matter to the Appellate Division for transfer to the Division of Tax Appeals so that a plenary hearing could be held. The court held that “[t]he County will be deemed to have filed nunc pro tunc an appeal for that year.” 79 N.J. at 310, 399 A.2d 616.
In Kaczmarek v. N. J. Turnpike Auth., supra, the Supreme Court observed that ordinarily the commencement of an action in a court which lacks subject matter jurisdiction will not toll the statute of limitations, but the court permitted such a tolling on the facts of that case. In Kaczmarek a former employee of the Turnpike Authority filed an action in the Law Division of the Superior Court against his former employer for wrongfully discharging him and against his union for refusing to submit the *631 matter to arbitration. The employee later filed an untimely unfair labor charge with the Public Employment Relations Commission (PERC) involving the same set of facts. The Law Division dismissed plaintiff’s complaint for lack of jurisdiction, presumably because the matter should have been filed with PERC. PERC then dismissed the employee’s complaint because it had been filed out of time. The Appellate Division affirmed both dismissals. The Supreme Court granted certification in the PERC matter solely on the question of whether the six-month limitation period for the filing of a complaint with PERC had been tolled by the filing of the Superior Court action within the six-month period. Stating that the Law Division had had the power under 12.1:13-4 to transfer the case to PERC, the Supreme Court held that the trial judge should have done so once he ascertained that he did not have subject matter jurisdiction. The court noted that had the trial court transferred the case the charge would have been brought in a timely manner before the proper tribunal.
Relying on the principles set forth in Galligan, Bergen County and Kaezmarek, I am of the opinion that plaintiff’s complaint should be transferred to the Bergen County Board of Taxation pursuant to J2.1:13-4(a). This transfer will not do violence to the statutory scheme for the disposition of local property tax appeals because the county board will receive the record of this proceeding and all papers on file with this court well before the county board loses jurisdiction to decide these cases on November 15, 1982. There will be no undue inconvenience to the parties because defendant taxing district has been alerted to a potential challenge to its assessments by the complaint filed in this court, and the county board is already aware by virtue of this court’s order to show cause that the matter might be transferred to it for disposition. The county board is therefore directed to accept plaintiff’s complaint as if it had been received by the county board on August 13, 1982. Upon receipt of this court’s file, the county board shall enforce any applicable statutes and rules pertaining to the payment of filing fees to the county board, the filing of separate petitions of appeal, if *632 necessary, and any other such matters as pertain to the processing of petitions of appeal to the county board of taxation. It is the limited intent of the transfer by this court to permit plaintiff the opportunity to avoid a dismissal of its appeals by the county board for failure to file its appeals with that body by August 15, 1982.
This opinion should not be construed to condone plaintiff’s improper filing with this court. In the future the Tax Court will not necessarily act on its own initiative to correct a filing deficiency. It should therefore go without saying that when filing a direct appeal to this court pursuant to N.J.S.A. 54:3-21, taxpayers should be certain that this court has jurisdiction of the subject matter of the complaint.
Counsel for plaintiff shall prepare an order consistent with this opinion transferring the file to the Bergen County Board of Taxation. The order shall be submitted to the court and the attorney for defendant taxing district pursuant to R.4:42-l(b).