**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO.  A-3325-18T3

STACY MCAVOY,

     Plaintiff,

and

JEFFREY ALWARD,

     Plaintiff- Appellant,

v.

FINE HOMES BY JAMES ESKIN,
JAMES ESKIN, WEICHERT REALTY
and CYNTHIA DECRISTOFARO,

     Defendants,

and

TAGGART FAMILY
PARTNERSHIP, LP, and
TAGGART FAMILY TRUST,

     Defendants-Respondents.

_____

Argued October 13, 2020- Decided  February 1, 2021

Before Judges Hoffman, Suter and Smith.

On appeal from the Superior Court of New Jersey, Law Division, Sussex County, Docket No. L-0127-16.

Alyssa Pyrich argued the cause for appellant (Bedwell & Pyrich, LLC, attorneys; Anthony M. Bedwell and Alyssa Pyrich, of counsel and on the briefs).

Alex Lee argued the cause for respondents (Einhorn, Barbarito, Frost & Botwinick, PC, attorneys; Matheu D. Nunn, Timothy J. Ford, and Alex Lee, on the brief).

PER CURIAM

The case below concerns an appeal of summary judgment granted for the sellers in real estate litigation. For the reasons set forth in our opinion below, we reverse.

On March 17, 2016, homebuyers Stacy McAvoy and Jeffery Alward (appellant)[1], filed a complaint against multiple defendants, including seller Taggart Family Partnership (TFP) (respondent) and builder James Eskin. Appellant and McAvoy brought claims against TFP through its agent, Eskin, including fraud, breach of contract, breach of warranty, multiple negligence

---

[1] We refer to Alward as appellant as McAvoy did not file an appeal. We refer to TFP as respondent as appellant limited his appeal to challenging the summary judgment dismissal of his claim against TFP.

A-3325-18T3

theories, and violation of the New Jersey Consumer Fraud Act (CFA), N.J.S.A. 56:8-1 to -206.

On April 24, 2018, the trial court granted summary judgment dismissing all claims against TFP. On June 28, 2018, the court denied reconsideration. Appellant seeks relief from the order granting summary judgment in favor of TFP.

## I.

William Taggart and Patricia Taggart were general partners of TFP. In 2004, TFP purchased and subdivided a property in Lafayette, New Jersey. They hired Eskin to construct a home on the property. TFP and Eskin executed a financing agreement which included contract terms identifying Eskin as an independent contractor, not a partner in TFP.[2]

TFP authorized Eskin to do several things on behalf of the partnership: to act as its listing agent, to negotiate sales prices with prospective buyers, and to work directly with TFP's real estate sales agent. Eskin did not require TFP's approval when making business decisions concerning development of the

---

[2] Section 20 of financing agreement reads: "This [a]greement does not form, nor do the [p]arties, by this [a]greement or otherwise, intend to form or participate in, a partnership or joint venture between them. The [p]arties will not represent themselves or hold themselves out as partners or joint venturers."

A-3325-18T3

property. However, Eskin did not have TFP's express authority to convey title to the property. That authority remained with TFP.

Appellant first met Eskin through a mutual friend in 2013. Eskin represented to appellant that he and TFP were partners. Eskin specifically sought and obtained TFP's permission to hold himself out as a partner to others.

Eskin told appellant that the house in question was constructed with two-inch by six-inch studs, was fitted with an expensive brand name furnace, was properly insulated, and was move-in ready. Appellant and Eskin walked through the house several times and discussed punch list items. Appellant ultimately bought the home for $750,000.

Appellant never met nor communicated with TFP during the home purchasing process. Appellant believed Eskin was a partner in TFP, based on Eskin's representations to him.

After purchasing the home, appellant noticed a large crack in the front foundation wall of the house. He retained an engineer to inspect the house. Appellant's engineer identified several defects: a three to six-foot wide crack in the foundation in the front wall, framing issues in the attic, external defects with the masonry and stucco finish, and finally, hardwood flooring "separating"

throughout the house. Appellant further alleged heating, cooling, and draft problems in the home in the vicinity of the fireplace.

Eskin stopped making repairs to the home approximately one year after appellant bought the home. Appellant attempted to use a new home warranty Eskin procured for the property. Appellant discovered the warranty coverage had expired on many of his claims.

After filing of the complaint and completion of discovery, TFP moved for summary judgment. The court found Eskin's acts were not attributable to TFP. Specifically, the court found that while TFP verbally authorized Eskin to negotiate prices with buyers, Eskin did not sign any contract on TFP's behalf. The court concluded that Eskin was an independent contractor, explaining "[t]hey did their own work by their own methods, and were not controlled in any fashion by the Taggarts." The court found Eskin's status as an independent contractor made the doctrine of respondeat superior inapplicable; and that Eskin's work as a home builder did not fall into the dangerous-work exception.

The trial court rejected the apparent authority argument, finding that TFP did not hold Eskin out as a partner and that the contract between TFP and Eskin did not support finding a partnership between them. The court also found the Consumer Fraud Act did not apply to the TFP, concluding TFP was not in the

real estate business as a licensed agent or broker, nor was TFP a professional seller of real estate. The court also found TFP did not violate the CFA through Eskin because it was not his employer or in an agency relationship. However, the court found "several alleged misrepresentations which established a genuine issue of material fact as to co-defendants Weichert[3] and Eskin," and denied them summary judgment.

After summary judgment was granted, appellant moved for reconsideration.[4] The court denied the motion. After appellant resolved his claims with the remaining parties, he filed this appeal of the dismissal of his claim against TFP.

Appellant raises the following issues on appeal.

> I. BECAUSE THE TFP MOVED FOR SUMMARY JUDGMENT, ALWARD IS ENTITLED TO HAVE THE FACTS READ IN HIS FAVOR AND THE BENEFIT OF ALL REASONABLE INFERENCES.

---

[3] At all relevant times during this litigation, Weichert Realty served as TFP's real estate listing agent. McAvoy and Alward, the plaintiffs, named Weichert Realty as a defendant in the complaint. Cynthia DeCristofaro was an employee of Weichert Realty. She was named as a separate defendant in the complaint. These two defendants settled prior to this appeal. Eskin was never an agent, servant, or employee of Weichert Realty.

[4] TFP moved for sanctions after it was granted summary judgment. Appellant filed an opposition to sanctions and cross-moved for reconsideration of the judge's summary judgment ruling. The judge denied both TFP's motion for sanctions and appellant's cross-motion for reconsideration.

A-3325-18T3

II.  THE TRIAL COURT ERRED BY FAILING TO RECOGNIZE GENUINE FACTUAL DISPUTES CONCERNING WHETHER ESKIN WAS AN AGENT OF THE TFP FOR THE PURPOSES OF SELLING THE PROPERTY.

III.  AS THE DEVELOPER OF A PLANNED SUBDIVISION, RATHER THAN AN INDIVIDUAL SELLER OF A RESIDENCE, THE TFP SHOULD BE SUBJECT TO THE CFA.

IV.  AS THE TRIAL COURT CORRECTLY FOUND, GENUINE ISSUES MATERIAL FACT EXIST AS TO WHETHER ESKIN MADE MISREPRESENTATIONS THAT VIOLATED THE CFA.

II.

We review summary judgment orders de novo.  Green v. Monmouth Univ., 237 N.J. 516, 529 (2019) (quoting Davis v. Devereux Found., 209 N.J. 269, 286 (2012)).  We apply "the same standard as the motion judge."  Globe Motor Co. v. Igdalev, 225 N.J. 469, 479 (2016) (quoting Bhagat v. Bhagat, 217 N.J. 22, 38 (2014)).  A judge grants summary judgment to the moving party "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law."  R. 4:46-2(c).

A-3325-18T3

To determine whether an issue of genuine fact exists, the motion judge must "consider whether the competent evidential materials presented, when viewed in the light most favorable to the non-moving party, are sufficient to permit a rational factfinder to resolve the alleged disputed issue in favor of the non-moving party." Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995); see also R. 4:46-2(c). The motion judge's function is not to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial. Brill, 142 N.J. at 540 (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986)).

"[I]n our State, questions of agency or master and servant relationships are ordinarily for the jury" but "only where there are disputed facts or where disputed inferences may be drawn from undisputed facts." State, Dep't of Law & Pub. Safety, Bd. of Exam'rs of Elec. Contractors v. Joule Tech. Corp., 126 N.J. Super. 496, 503 (App. Div. 1974) (citing Marion v. Pub. Serv. Elec. & Gas Co., 72 N.J. Super. 146, 157-58 (App. Div. 1962)). Thus, "where the evidence is uncontradicted and permits but one reasonable conclusion as to an issue of agency, that issue is a question of law for the court and not for the finder of fact." Ibid. (citing Harvey v. Craw, 110 N.J. Super. 68, 74-75 (App. Div. 1970)); see also Mangual v. Berezinsky, 428 N.J. Super. 299, 308 (App. Div. 2012)

("[O]nly when the evidence is utterly one-sided may a judge decide that a party should prevail as a matter of law.").

An agency relationship exists "when one person (a principal) manifests assent to another person (an agent) that the agent shall act on the principal's behalf and subject to the principal's control, and the agent manifests assent or otherwise consents so to act." N.J. Law.'s Fund for Client Prot. v. Stewart Title Guar. Co., 203 N.J. 208, 220 (2010) (quoting Restatement (Third) of Agency § 1.01 (Am. Law Inst. 2006)). No agreement between parties specifying an agency relationship is required; rather, "the law will look at their conduct and not to their intent or their words as between themselves but to their factual relation." Sears Mortg. Corp. v. Rose, 134 N.J. 326, 337-38 (1993) (quoting Henningsen v. Bloomfield Motors, 32 N.J. 358, 161 (1960)). "Generally, an agent may only bind his principal for such acts that 'are within his actual or apparent authority.'" N.J. Law.'s Fund for Client Prot., 203 N.J. at 220 (quoting Carlson v. Hannah, 6 N.J. 202, 212 (1951)).

A person may be an agent by apparent authority, based on the manifestations of the authority by the principal. Sears Mortg. Corp., 134 N.J. at 338 (citing C.B. Snyder Realty Co. v. Nat'l Newark Banking Co., 14 N.J. 146 (1953)). The Restatement defines apparent authority as "the power held by an

agent or other actor to affect a principal's legal relations with third parties when a third party reasonably believes the actor has authority to act on behalf of the principal and that belief is traceable to the principal's manifestations." Restatement (Third) of Agency § 2.03 (Am. Law Inst. 2006); see also N.J. Law.'s Fund for Client Prot., 203 N.J. at 220.

To establish a claim based on apparent authority, the plaintiff must establish that: (1) the appearance of authority was created by the conduct of the alleged principal and cannot be established alone and solely by the conduct of the agent; (2) a third party relied on the agent's apparent authority for a principal; and (3) the reliance was reasonable under the circumstances. Mercer v. Weyerhaeuser Co., 324 N.J. Super. 290, 318 (App. Div. 1999).

Under apparent authority, liability is imposed on the principal because the principal's actions mislead the public into believing that relationship or authority exists. Basil v. Wolf, 193 N.J. 38, 67 (2007). This doctrine focuses on the reasonable expectations of a third party with whom an agent deals. N.J. Law.'s Fund for Client Prot., 203 N.J. at 220 (quoting Restatement (Third) of Agency § 7.08 cmt. b (Am. Law Inst. 2006)). Therefore "a court must examine the totality of the circumstances to determine whether an agency relationship

existed even though the principal did not have direct control over the agent." Ibid.; see also Sears Mortg. Corp., 134 N.J. at 338.

III.

The critical issue to be decided is, giving all reasonable inferences to the non-moving party on summary judgment, whether there is a genuine issue of material fact on the question of Eskin's apparent authority to bind TFP by his actions. Using our de novo standard of review, we conclude a genuine issue of material fact on apparent authority does exist in this case, consequently, we reverse and remand.

There are two key facts which relate to the alleged conduct of TFP on the issue of apparent authority. First, Patricia Taggart of TFP admitted Eskin was authorized by TFP to handle "everything" concerning the property. The sole power TFP retained was the power to convey property by signing the deed. Second, Eskin testified at his deposition that TFP permitted him to hold himself out as a TFP partner to others, even though he was never a TFP partner. TFP's consent to allow Eskin to hold himself out as a partner occurred years before construction of the allegedly defective home.

When these facts are analyzed together with Eskin's alleged misdeeds and misrepresentations in building and selling the home to appellant, a finder of fact

could examine the totality of the circumstances and conclude that "an agency relationship existed even though the principal did not have direct control over the agent." N.J. Law.'s Fund for Client Prot., 203 N.J. at 220; see also Sears Mortg. Corp., 134 N.J. at 338.

Considering the entirety of the factual record in the light most favorable to the non-moving party for purposes of summary judgment, we conclude it is "sufficient to permit a rational factfinder to resolve the alleged disputed issue in favor of the non-moving party." Brill, 142 N.J. at 540; see also R. 4:46-2. We reverse the order that granted summary judgment as to appellant's non-statutory claims against respondent TFP.

The summary judgment order dismissing appellant's statutory claim against TFP for violation of the CFA merits separate discussion. TFP bought and subdivided the land in question before engaging Eskin to build and sell houses on it. While it is undisputed that TFP was a first-time seller of real estate, TFP contracted with Eskin with the express purpose of developing and selling homes on the subdivided lots. TFP was not selling a personal residence as a casual seller of real estate. We conclude that there is a genuine issue of material fact as to whether TFP is a commercial seller of real estate within the Act. We

reverse the summary judgment order that dismissed appellant's CFA claim against TFP.

Any issues not addressed above are deemed to be without sufficient merit to warrant extensive discussion.  R. 2:11-3(e)(1)(E).

Reversed and remanded.  We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION